[Zirkle, et al. v. Hendon, et al.]

# Zirkle, *et al. v.* Hendon, *et al.*

### *Bill to Enforce Vendor's Lien.*

(Decided January 16, 1913. Rehearing denied February 6, 1913. 60 South. 834.)

1. *Vendor and Purchaser; Vendor's Lien; Right of Broker.*— Where complainant was to receive $5.00 per acre as a commission for the sale of land, and all parties agreed that such amount should be paid by the vendee out of the price of the land, a vendor's lien arose in favor of the complainants, which was not displaced by the execution by the vendor of an absolute conveyance to the vendee, upon being paid its portion of the purchase price.

2. *Same; Enforcement; Parties.*—The vendor was a proper party to a bill to enforce a vendor's lien by an agent, who was to receive his commission direct from the vendee, to be deducted from the purchase price.

APPEAL from Walker Law and Equity Court.

Heard before Hon. T. L. SOWELL.

Bill by C. G. Zirkle, and another, against T. S. Hendon, and another, to enforce a vendor's lien for commission for the sale of land. From a decree sustaining demurrers to the bill complainants appeal. Reversed, rendered and remanded.

HORACE STRINGFELLOW, for appellant. One ought not in equity and good conscience to keep the estate of another without paying the consideration money.—*Wilkinson v. May*, 69 Ala. 33; *Carver v. Eads*, 65 Ala. 109; *Waller v. Janney*, 102 Ala. 443; *McCrory v. Guyton*, 154 Ala. 355. The court therefore erred in sustaining the demurrers to the bill.

C. H. ROQUEMORE and ERNEST LACEY, for appellee. The demurrers were properly sustained.—*Strickland v. Gay*, 104 Ala. 377; *McDonald v. Finch*, 131 Ala. 89.

[Zirkle, et al. v. Hendon, et al.]

DOWDELL, C. J.—This bill is for the enforcement of a vendor's lien on land. The land in question was the property of the Lost Creek Coal & Mineral Land Company, a corporation. By a contract and agreement with the said company, the appellants, Zirkle and Moore, effected a sale of the land to the appellee Hendon, at and for the purchase price of $20 per acre. The appellants were to be paid $5 per acre for their services in effecting the sale. It was understood and agreed by and between all of the parties, the coal company, the appellants, and the purchaser Hendon, that Hendon should pay, of the purchase price of the land, $5 per acre to the appellants, and the balance of the consideration money, $15 per acre, to the coal company. Hendon went into possession of the land under this agreement and understanding, and subsequently paid the coal company the $15 per acre, their part of the purchase consideration of the land, and obtained a deed from the coal company, and is now in possession of the land, and refuses to pay the $5 per acre to the appellants. The bill was demurred to by Hendon and the Lost Creek Coal & Mineral Land Company, by the latter upon the ground that it was an improper party to the bill; and by Hendon, upon the ground, first, that the appellants had no interest in the land; second, upon the ground that "the debt due complainants was not a part of the purchase price for said lands, but a debt in the nature of commissions for procuring the purchase of said lands." The demurrers were sustained by the court, and it is from this decree, sustaining the demurrers, that the appeal is prosecuted.

Evidently the court, in sustaining the demurrers, did so upon the theory that the appellants had no interest in the land, and that the compensation they were to receive was merely a commission for services for effect-

[Zirkle, et al. v. Hendon, et al.]

ing a sale of the land for the coal company, and not a part of the purchase consideration, and hence no vendor's lien could result. In this the court was in error. The bill expressly states that the $5 to be paid by the consent of the parties to appellants was part of the purchase price, and furthermore emphasizes such averment by averring that the price to be paid for the land was $20 per acre, $5 of which was to be paid · to the appellants, and $15 to the coal company, the owner of the land. If the purchase price is $20 per acre, and a part is to be paid to one person and a part to another, clearly one portion is as much a part of the purchase price as the other.

The vendor's lien exists and is enforced, not only where the consideration is to be paid to the vendor, but also where it is to be paid to a third person by or with his consent. "Otherwise, contravening the intention of the parties, and violating equity and good conscience, the vendee would keep the land without paying the purchase money."—*Carver v. Eads,* 65 Ala. 190; *Wilkinson v. May,* 69 Ala. 33; *Waller v. Janney & Cheney,* 102 Ala. 442, 14 South. 876; *McCrory v. Guyton,* 154 Ala. 355, 45 South. 658. The lien having arisen under the agreement of the parties in favor of the appellants, the coal company, without the consent of the appellants, could not displace the same by subsequently executing an absolute conveyance to the purchaser Hendon, upon the payment by him to the coal company of the $15 per acre, its portion of the consideration money for the land.

The coal company was properly made a party to the bill. The decree of the court will be reversed, and one will be here rendered overruling the demurrers.

Reversed, rendered, and remanded.

McClellan, Sayre, and Somerville, JJ., concur.