# Moore, *et al. v.* Altom.

## *Creditor's Bill.*

(Decided April 15, 1915.  68 South. 326.)

1. *Pleading; Demurrer; Good in Part.*—Where either alternative relief prayed for was sufficient, a general demurrer is properly overruled.

2. *Fraudulent Conveyance; Voluntary.*—The conveyance of land for a simulated consideration, no part of which has ever been paid, was voluntary and void as to existing creditors, without regard to the grantor's solvency or the intent entertained by the parties to the conveyance at the time.

3. *Same; Jurisdiction.*—Under sections 3052, 3054, Code 1907, the chancery court of a county in which the land was situated, had jurisdiction of a bill to set aside an alleged fraudulent conveyance thereof, or to enforce an alleged vendor's lien thereon, although the complainant and the alleged fraudulent grantor were residents of other states.

4. *Vendor and Purchaser; Lien; Bills; Sufficiency.*—Where the theory of the bill was that real estate agents had negotiated a sale of the land to respondents, and that it was agreed that a definite part of the purchase price should be paid to such agent, and the balance to the vendor, the bill should have alleged that the vendor was a party to this agreement that part of the purchase price should be paid the agent, and failing therein was insufficient.

APPEAL from Jackson Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by J. B. Altom against D. D. Moore and others to declare a deed fraudulent and void as to creditors. From a decree overruling demurrers to bill, respondents appeal. Affirmed.

Complainant is a resident of the state of Tennessee; Moore, a resident and citizen of the state of Georgia;

and Sherwood, a resident of Montgomery, Ala. The bill alleges that Moore executed to complainant a note for $1,250, due one year after date and bearing interest at the rate of 6 per cent., with the usual stipulations as to attorney's fees, etc., and that the note has not been paid in whole or in part; that, at the time of the execution of the note, respondent D. D. Moore was, and still is in equity, the owner of the following described real estate: (Here follows description.) That, subsequent to the execution of the note, Moore and wife executed to Sherwood an alleged deed for said land upon a recited consideration of $7,000: It is alleged that the consideration was simulated and that no part of same was paid as recited in said deed, and that said deed was in fact void and voluntary as against complainant, and executed with the purpose and intent to hinder, delay, or defraud complainant with the other creditors of said respondent Moore. It is further alleged that a consideration for the note held by complainant was a part of the purchase money of the identical land, advanced by defendant to Moore, upon the purchase of the land from one Bailey, in that complainant and Latham negotiated a sale of said land to said Moore at the price of $3.50 per acre, $2.50 per acre of which was to be paid by her to Bailey, the owner, and the remaining $1 per acre of said purchase price to complainant and Latham, and that the note was given in settlement of that purchase money. It is alleged that Sherwood had notice of complainant's demand and the nature of same, and in fact that he was a party to the transaction at the time the lands were purchased and the notes executed. The bill prays for a decree declaring said deed fraudulent and void as against creditors, and further that complainant be decreed to have a vendor's lien on said land, and that the same be foreclosed.

[Moore, et al. v. Altom.]

LAWRENCE E. BROWN, for appellant.

BOULDIN & WIMBERLY, for appellee.

McCLELLAN, J.—(1) This bill was filed by appellee, a creditor of Moore, against appellants. It is framed in the alternative: First, to avoid a voluntary or fraudulent conveyance made by the defendant Moore to the defendant Sherwood; and, second, to enforce a vendor's lien upon the lands described in the bill. Only a general demurrer, questioning the equity of the bill, was filed. It was overruled, and this appeal is to review that ruling alone.

If either alternative relied on for relief is sufficient against the general demurerr, an affirmance must be entered here.

(2) According to the averments of the bill, the complainant was an existing creditor of Moore when Moore conveyed the land described in the bill to Sherwood, for a simulated consideration named in the deed, no part of which has ever been paid. This state of unequivocal allegation would, if sustained by the proof, render the conveyance to Sherwood voluntary, and void as to existing creditors, without regard to the solvency of the grantor or to the intent entertained by the parties to the conveyance at the time.—*Wallen v. Montague,* 121 Ala. 287, 289, 25 South. 773; *Wood v. Potts,* 140 Ala. 425, 37 South. 253; *Sides v. Scharff,* 93 Ala. 106, 9 South. 228; *Beall v. Lehman Durr Co.,* 110 Ala. 446, 18 South. 230. Others might be added.

(3) The land described in the bill—a very large acreage—is alleged to be situate in Jackson county, Alabama. The jurisdiction of the chancery court of Jackson county to afford the relief sought—in either alternative if either of them is sustained by the evidence—

[Moore, et al. v. Altom.]

is clear, notwithstanding the complainant and the defendant Moore are residents of other states.—Code, §§ 3052, 3054. The case of *Lide v. Parker*, 60 Ala. 165, involved land situated in the state of Mississippi. It is without any bearing in this instance.

The first alternative of the bill possesses equity, and, under the authorities, is not objectionable.

(4) It is not necessary to particularly consider the other theory on which relief is prayed. However, it is proper to note, we think, that this phase of the bill is defective in that it omits to aver that Bailey, the former owner of the property, was, along with the real estate agent or agents and Moore, a party to the contract whereby Moore, the purchaser, should pay a definite part of the purchase price to the agent or agents. That averment, if made, would bring the present cause within the ruling made in *Zirkle v. Hendon*, 180 Ala. 209, 60 South. 834. Had the demurrer specified this objection to the latter theory of the bill, it would have been well taken. Only a general demurrer was interposed.

The decree, on the demurrer filed, must be affirmed. Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.