(77 South. 697)

## HENDON v. ZIRKLE & MOORE.
### (6 Div. 604.)

(Supreme Court of Alabama. Jan. 17, 1918. Rehearing Denied Feb. 7, 1918.)

## 1. VENDOR AND PURCHASER ⬥275 — VENDOR'S LIEN—BROKER'S COMMISSION.

To enforce a vendor's lien against purchaser on theory that plaintiffs were to be paid part of the purchase price as commission for selling the land, the amount agreed to be paid must have been part of the purchase money and the vendor must have so understood.

## 2. VENDOR AND PURCHASER ⬥281(3)—VENDOR'S LIEN—BROKER'S COMMISSION.

Where complainants, who were agents of vendor but not of defendant, vendee, sold land to defendant for $20 an acre with the under-

---

standing that $5 an acre was to be paid to complainants as their commission, complainants were entitled to enforce a vendor's lien where defendant failed to prove wherein title was defective, that complainants agreed that defendant was not to be liable if title was not good, or that vendor was insolvent.

Appeal from Law and Equity Court, Walker County; T. L. Sowell, Judge.

Bill by Zirkle & Moore against T. S. Hendon. Decree for complainants, and defendant appeals. Affirmed.

Lacy, Lacy & Shepherd, of Jasper, for appellant. Horace Stringfellow, of Montgomery, for appellees.

GARDNER, J. This bill was filed by the appellees for the enforcement of a vendor's lien upon the lands therein described, for the payment of part of the purchase money, which, by the consent of the vendor (the Lost Creek Coal & Mineral Land Company) was to be paid to appellees as their commission in selling the land. The equity of the bill was upheld by this court on former appeal. Zirkle v. Hendon, 180 Ala. 209, 60 South. 834. For a better understanding of the averments of the bill reference may be made to the statement found in the former opinion. To make more clear, however, the issues of facts here presented, the following excerpt from the opinion on the former appeal is here set forth:

"The bill expressly states that the $5 to be paid by consent of parties to appellants was part of the purchase money, and furthermore emphasizes such averment by averring that the price to be paid was $20 per acre, $5 of which was to be paid to the appellants, and $15 to the coal company, the owner of the land. If the purchase price is $20 per acre, and a part is to be paid to one person and a part to another, clearly one portion is as much a part of the purchase price as the other. * * * A vendor's lien exists and is enforced not only when the consideration is to be paid to the vendor, but also when it is to be paid to a third person by or with his consent. * * * The lien having arisen under the agreement of the parties in favor of appellants, the coal company could not without the consent of appellants displace the same, by subsequently executing an absolute conveyance to the purchaser, Hendon, upon the payment by him to the coal company of the $15 per acre its part of the consideration for the land."

The appellant in his answer denied that the appellees were the agents of the vendor, the Lost Creek Coal & Mineral Land Company, in the sale of said land to the appellant; but, on the contrary, alleged that they were his agents to purchase the same for him from said coal company; and that for said services he agreed to pay them (appellees) the equivalent of $5 per acre as commission. The answer further sets up that in no event, however, could the $5 per acre, now insisted upon by appellees, be considered a part of the purchase price of the lands, but that in fact the purchase price was $15 per acre, and that $5 per acre was a mere collateral agreement by way of compensation to the appellees, and would not therefore support a vendor's lien.

[1] In this manner, therefore, two questions of fact are presented for determination. It is, of course, recognized that in order for the complainants (appellees) to be entitled to the enforcement of a vendor's lien the sum of $5 per acre must have been a part of the purchase money, and the vendors must have so understood. Zirkle v. Hendon, supra; Moore v. Altom, 192 Ala. 261, 68 South. 326.

A discussion of the evidence in detail would serve no useful purpose. Suffice it to say that the same has been given very careful consideration.

[2] We have reached the conclusion that the appellees were the agents of the Lost Creek Coal & Mineral Land Company in the sale of the land to the appellant, and that they were not in any sense appellant's agents. We are further persuaded that the land was sold to the appellant at the price of $20 per acre, with the understanding and agreement between the parties that $15 per acre was to be paid to the company, and $5 per acre was to be paid to the appellees as their commission or compensation for their services.

It is further averred in the answer that in 1907 respondent (appellant) purchased through the complainants another tract of land from the said coal company, for which he paid the company $15 per acre and the complainants $5 per acre as their commission; that the 217 acres of land here involved was a part of a larger tract containing 557 acres which respondent desired to purchase; that, pending the negotiations for the same, he ascertained that there was litigation pending concerning the 217 acres, and on account of defective title he decided to reduce the purchase to 340 acres, but the coal company refused to sell the 340 acres unless he took the 557 acres, which included the 217 acres described in the bill. The answer then avers that he (respondent) finally agreed to take the 557 acres, but arranged for two separate deeds to be given —one for 340 acres and the other for the 217 acres—and that the deeds to these respective bodies of land were delivered to him. It is then averred that it was understood with the complainants at the time the first trade was made that, if the title to any of the land conveyed by the coal company was not good, respondent was not to be liable to the complainants for the $5 per acre on the land as commissions; and that in the purchase of 1907 the title to some of the land was not good, and that the titles to much of the 217 acres included in this purchase and described in the bill "were bad and had been in litigation." There is no averment or proof as to wherein the title was defective, or as to insolvency of vendor.

There is nothing in the answer to indicate whether or not respondent was in possession

of the lands described in the bill. The averment therefore in regard to the defective title is rested upon an agreement or understanding between complainants and respondent, which is set up in paragraph 3 of the amended answer. The proof fails to establish any such agreement between the parties to this suit, and hence the averments of the answer in this respect are not sustained.

It results therefore that the decree of the court below will be here affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.