## CATTS v. SIPSEY COAL MINING CO.
### (6 Div. 66.)

(Supreme Court of Alabama. Jan. 22, 1925.)

1. **Interpleader** ⬅**8(1)—Court will adjudicate rights of interpleading claimants, whether legal or equitable.**

When proper case is made by bill for interpleader, court will adjudicate rights of interpleading claimants, whether legal or equitable.

2. **Interpleader** ⬅**31—"Ownership" of debt or other property only thing to be litigated between opposing claimants.**

The only thing to be litigated between opposing interpleading claimants is ownership of debt or property, and by ownership is meant any valid interest in rem.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Ownership.]

3. **Interpleader** ⬅**8(1)—General interest of creditor insufficient to support claim of interpleading claimant.**

The general interest of a creditor is not sufficient to support a claim of an interpleading claimant.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Interpleader ⟨☞⟩24—Demurrer to cross-bill of interpleading claimant, adjudicated to be a simple creditor, held properly sustained.**

Where interpleading claimant based his claim to certain mining royalties on contract, but in prior decision of Supreme Court it was held that such claimant's rights under his contract were merely that of a simple creditor, and that he had no specific interest in such royalties, *held* that demurrer to his cross-bill was properly sustained.

Appeal from Circuit Court, Walker County; Ernest Lacy, Judge.

Bill of interpleader by the Sipsey Coal Mining Company against E. J. Phillips and others and S. W. Catts, in which S. W. Catts filed a cross-bill. From a decree sustaining a demurrer to his cross-bill, Catts appeals. Affirmed.

The complainant, the Sipsey Coal Mining Company, files its bill of complaint for an interpleader between E. J. Phillips, Ola Phillips, C. L. Phillips, and Mary Wood on the one part, and Samuel W. Catts on the other, as the opposing claimants of certain royalties due on coal mined by complainant. The bill shows that on July 14, 1914, E. J. Phillips and Ola Phillips executed a coal mining lease on lands owned by them to one Dilworth, which was forthwith transferred to complainant, who has since continuously mined coal thereunder, and paid the royalties except as stated; that on March 22, 1922, complainant received written notice from C. L. Phillips and Mary Wood that they had become the owners of the said lease by transfer from E. J. and Ola Phillips; that prior to February 23, 1922, Samuel W. Catts made claim to an interest of 1 cent a ton of the royalties due under said lease, and on that date filed a suit in the circuit court against E. J. and Ola Phillips for $1,400, in that behalf, and caused a writ of garnishment to be issued and served upon complainant to require it to answer as to its indebtedness to the defendants, which suit is still pending; that on May 9, 1922, E. J. and Ola Phillips filed their suit in said court against complainant claiming $4,000 as due them under said lease; that on May 9, 1922, C. L. Phillips and Mary Wood filed their suit against complainant for damages on account of said lease, or for breaches thereof; that on May 15, 1922, the persons last named served on complainant a written declaration that said lease had been forfeited by complainant by alleged breaches of its terms; and that, up to said writ of garnishment, complainant had made all monthly payments of royalties as due under the lease.

The bill contains the usual prayer to require the several respondents to come in and propound their claims to the royalties overdue and brought into court by complainant, and also to the royalties to become due under the lease, and to direct complainant as to their payment.

The respondent Catts filed an answer admitting some and denying others of the allegations of the bill, and setting up his claim to the fund in question by exhibiting a written contract purporting to have been executed by himself and E. J. Phillips, by which the latter agreed, upon a consideration recited, "to pay to said Samuel W. Catts, whenever said (contemplated) lease shall be made, or executed by me or my assigns, the sum of 1 cent per ton royalty on each and every ton of coal * * * mined from said lands under said lease during the life and continuance of said lease." See report of case of Phillips v. Catts, 206 Ala. 594, 91 So. 579.

The answer charges that the transfer of the said mining lease from E. J. and Ola Phillips to C. L. Phillips and Mary Wood (their son and daughter) was simulated, without valuable consideration, and made collusively for the purpose of defrauding Catts of his interest in the lease, and of defeating his claims in the suit at law against E. J. and Ola Phillips. It is prayed that the answer be taken as a cross-bill against complainant, and also against the other respondents to the bill; and that on final hearing it be decreed that the cross-complainant is entitled to 1 cent a ton royalty on all the coal mined from the leased lands under the lease, and that complainant and the other respondents be required to pay the same to him as his interest may appear.

The several cross-respondents to Catts' cross-bill filed demurrers thereto, each of which was sustained. From the decree on these demurrers, Catts appeals.

Ray & Cooner, of Jasper, for appellant.

It is immaterial whether the claims of respondents are legal or equitable, or one legal and the other equitable. Butler v. M. Ins. Co., 14 Ala. 801; 23 Cyc. 32; 4 Pom. Eq. Jur. (3d Ed.) § 1325; Wheeler v. Armstrong, 164 Ala. 454, 51 So. 268; Johnson v. Blackmon, 201 Ala. 537, 78 So. 891, 6 A. L. R. 1031; Simpson v. Grand Bay Land Co., 202 Ala. 293, 80 So. 358. The remedy at law of appellant is not adequate. Smith v. Collins, 94 Ala. 394, 10 So. 334; Chipman v. Glennon, 98 Ala. 263, 13 So. 822; Page v. Francis, 97 Ala. 379, 11 So. 736; Skipper v. Reeves, 93 Ala. 332, 8 So. 804; Robinson v. Moseley, 93 Ala. 70, 9 So. 372; Calvert v. Calvert, 180 Ala. 105, 60 So. 261; Hubbard v. Allen, 59 Ala. 283; Ely v. Pace, 139 Ala. 293, 35 So. 877; Strickland v. Stuart, 200 Ala. 541, 76 So. 867.

W. C. Davis, Curtis, Pennington & Pou, and Gray & Powell, all of Jasper, for appellee.

There is no equity in appellant's cross-bill. Phillips v. Catts, 206 Ala. 594, 91 So. 579.

SOMERVILLE, J. [1] It is undoubtedly true, as demonstrated by the brief of counsel for appellant, that when a proper case is made by a bill for interpleader, the equity of the bill lies in the right of the complainant to be protected against conflicting claims to money owed, or property held, by him, the superiority of either of which he cannot safely determine; and that, in such a case, the court will adjudicate the rights of the interpleading claimants, whether their respective claims be legal or equitable in their nature. Gibson v. Goldthwaite, 7 Ala. 281, 42 Am. Dec. 592; 33 Corp. Jur. 430, §§ 14 and 15, and cases cited in note 55; Id. 461, 462, § 52, I.

[2, 3] The only thing to be litigated between the opposing claimants is the ownership of the debt, money, or other property brought within the decretal jurisdiction of the court by the original bill of complaint. 33 Corp. Jur. 461, 462, § 52. By ownership, of course, is meant any valid interest in rem. The vital defect in appellant's cross-bill is that it does not show that he has any such interest in the sums of money due from the complainant to his lessors E. J. and Ola Phillips, or to their assigns, as royalties under the lease in question. The general interest of a creditor, the mere right to subject the money to the satisfaction of his debt by appropriate proceedings, is not sufficient to support a claim.

[4] The cross-bill is evidently grounded upon the theory that appellant's contract with E. J. Phillips gave him a specific interest in the lease afterwards made to Dilworth and transferred to the Sipsey Coal Mining Company, the original complainant herein, and gave him also a joint and specific interest in the royalties accruing thereunder. But that theory is invalid, and cannot be sustained.

In another proceeding, an equity suit by appellant against E. J. and Ola Phillips and Dilworth, to compel them to pay to appellant his alleged share of these same royalties, this identical contract was exhibited as the basis of appellant's claim; and on appeal to this court we held:

"That Phillips is the simple debtor of complainant (appellant here) for the amount stipulated; that complainant has no specific interest in the royalty due from Dilworth to Phillips; and that Dilworth (now Sipsey Coal Mining Company) is under no obligation to pay anything to complainant." Phillips et al. v. Catts, 206 Ala. 594, 91 So. 579.

That decision, fixing the status of appellant's claim, is manifestly fatal to the equity of his answer and cross-bill, and the demurrers thereto were therefore properly sustained.

We are, of course, not dealing with appellant's rights as a creditor of E. J. Phillips, rights which can be appropriately enforced in the garnishment suit at law.

Let the decrees of the circuit be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ. concur.