(117 So. 648)

**MOSS v. THOMAS et al.** (6 Div. 31.)

Supreme Court of Alabama. June 28, 1928.

F. D. McArthur, of Birmingham, for appellee.

Brief did not reach the Reporter.

Estes & Smithson, of Bessemer, for appellant.

142

C. L. Odell, of Bessemer, for appellees.

BROWN, J. The original bill was filed by A. L. Thomas against W. P. Aldridge and Hunter J. Moss to ascertain the balance due on the purchase price of certain lots in the city of Bessemer, Jefferson county, Ala., sold by Aldridge, through Moss as a real estate broker, to Thomas, and for specific performance. The bill avers that said Moss claims a lien on the property for services rendered in and relative to the contracts of sale, and prays that the claim of Moss be adjudicated and determined, and for general relief.

The respondent Aldridge having been adjudged insane, and defending by his regularly appointed guardian, filed an answer denying the averments of the bill. Moss filed an answer which was made and treated as a cross-bill, averring in substance that he was employed by Aldridge to sell lots 1 and 2 in block 13, Huffman's addition to Bessemer, Jefferson county, Ala.; that Aldridge fixed the price of the property at $1,075 and agreed that Moss was to receive all over and above that price, if he succeeded in finding a purchaser and making the sale; that he found such purchaser in the complainant and sold the property for $1,450, and asserted a lien for the balance due to the extent of his commission, $375. As to the other property involved, he claimed no commission. Aldridge, through his guardian, answered the cross-bill, denying that Moss had any interest in or lien on the property or the proceeds of the sale, and denying the authority and jurisdiction of the court to hear and determine the claim of Moss.

On final hearing, the court ascertained the balance due on the purchase price of lots 1 and 2 to be $215.20, and the balance due on the other lots to be $269, and ordered and decreed specific performance of the contracts upon payment into court of the sums ascertained to be due, directing the register of the court to execute to the complainant a deed to the property, and decreed that Moss had no interest in the balance due and no lien on the property.

■ The evidence without dispute clearly sustains the averments of the cross-bill. Under the agreement between Aldridge and Moss, Moss was to have, of the purchase money for the sale of lots 1 and 2 in block 13, all over and above $1,075, and under the authorities was entitled to assert and enforce a vendor's lien on said lots for the payment of this sum as a part of the purchase money. Zirkle et al. v. Hendon et al., 180 Ala. 209, 60 So. 834; Hendon v. Zirkle & Moore, 201 Ala. 171, 77 So. 697; Francis v. Wells, 2 Colo. 660.

"When a proper case is made by a bill for interpleader, the equity of the bill lies in the right of the complainant to be protected against conflicting claims to money owed, or properly held, by him, the superiority of either of which he cannot safely determine; and that, in such a case, the court will adjudicate the rights of the interpleading claimants, whether their respective claims be legal or equitable in their nature." Catts v. Sipsey Coal Mining Co., 212 Ala. 421, 102 So. 895.

The facts of this case bring it clearly within the principle stated, and differentiate it from the case as there presented where Catts sought to recover a commission of one cent per ton on coal mined under the contract, but asserted no lien on the property.

■ Here, under the arrangements with Aldridge, Moss was to have $375 of the purchase money, and entitled to assert and enforce a vendor's lien, and Thomas was entitled to maintain the bill for specific performance and to require respondents to interplead. Under these circumstances it was within the competency of the court, sitting as a court of equity, to settle the entire controversy, on the principle that:

"Having jurisdiction for one purpose strictly equitable, the court will dispose of the whole controversy, even though, in doing so, it may be called on to administer relief which pertains to courts of common law" jurisdiction. Miller v. L. & N. R. Co., 83 Ala. 274, 4 So. 842, 3 Am. St. Rep. 722; 10 R. C. L. p. 370, § 120.

The evidence shows that Aldridge and his guardian had received, of the purchase money paid by Thomas on the contract for the purchase of lots 1 and 2, the sum of $159.80, which ex æquo et bono belonged to Moss. This sum ordered paid into court under the other contract, together with the balance of $215.20, should be paid by the register to Moss.

The decree of the circuit court, in so far as it denied the right of Moss to have his claim adjudicated, is reversed, and the cause is remanded to the circuit court, with direc-

tions to proceed in accordance with this opinion.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.