(132 So. 725)
### A. A. GAMBILL & CO. v. FIRST NAT. BANK OF BIRMINGHAM et al.
### 6 Div. 776.

Supreme Court of Alabama.
Jan. 15, 1931.

Rehearing Denied March 19, 1931.

Henry Upson Sims, W. B. Harrison, W. H. Woolverton, and L. B. Haley, all of Birmingham, for appellant.

Cabaniss, Johnston, Cocke & Cabaniss, of Birmingham, for appellees.

BROWN, J.

On November 8, 1923, Frank Nelson, Jr., gave the complainant an option to purchase lot No. 12 and the west half of lot No. 13 in block 84, in the city of Birmingham, on or before November 30, 1923, for $250,000, on terms of $20,000 cash, and the assumption of a mortgage indebtedness against the property of $230,000, stipulating to deed the property to any person designated by complainant, and providing that any amount over and above the stipulated price should be taken by the complainant "as a commission or overage for negotiating the deal."

On November 24, 1923, complainant for a consideration of $17,000, $5,000 cash, and the balance evidenced by notes, sold this option to the defendants Loveman and Cobb, the agreement evidencing the sale providing:

"It is further agreed that as an additional consideration for the transfer and sale of said option, the said A. A. Gambill Realty Company shall be and are authorized to collect a commission of three per cent (3%) on

all leases that are made on said property for a term of ten (10) years beginning October 1st, 1924, as and when the rents are collected, but that this right shall not prevent the owners from making a lease, the term of which is to begin after the expiration after such ten year period at any time said owner desires and the same is not to prevent the owner from making such leases as he may desire on said premises during said ten year period and the commission shall only be paid for and during the period of ten years beginning October 1st, 1924, the said A. A. Gambill Realty Company agreeing immediately upon receipt of the rentals to pay the same into the owners less said commission.

"The owners further give and grant unto the said A. A. Gambill Realty Company the exclusive right of sale of said property for a period of ten (10) years beginning from the date that they acquire the title unto the same and upon such sale as the owners might make within said period of ten years, they agree to pay unto the said A. A. Gambill Realty Company the regular commission as adopted by the Real Estate Exchange in the City of Birmingham for such sale, but this agreement shall not in any manner bind or obligate the said owners to sell said property within said period of ten years, it being merely understood that in the event the owners elect to sell said property within the said period of ten years, that they will pay unto the said A. A. Gambill Realty Company said commission, and nothing herein shall be construed to limit or in any manner control the price for which said property is to be sold by said owners."

On December 15, 1924, Cobb and Loveman exercised the option to purchase, directing deed to be made to Phoenix Realty Company, and deed was executed in consummation of the sale.

In December, 1928, the Phoenix Realty Company, in the process of liquidation, conveyed the property in question to the defendant Cobb, who on April 11, 1930, sold and conveyed it to the defendant First National Bank of Birmingham, as trustee, for a consideration alleged on information and belief to be $400,000.

The defendant bank, who purchased with notice, denied the right of the complainant to receive 3 per cent. of the rent, and refused to pay it a commission on the sale.

The purpose of the bill is to have a vendor's lien declared and enforced against the property, and to charge the rents of the property with a lien to the extent of 3 per cent.

thereof claimed by complainant as commissions.

■■ The contract of November 24, 1923, between the complainant, Loveman, and Cobb, effecting a sale of the option acquired by complainant from Nelson, passed to Loveman and Cobb, as between the parties to that contract, all the rights of the complainant evidenced by the option contract. That was its sole purpose, and such rights as the complainant has must be found in the contract of November 24, 1923. There is an absence of reservation in that contract of any right on the part of the complainant to receive as commissions any part of the purchase money, on a sale of said property. Nor does the bill aver that any part of the purchase money remains unpaid.

In these circumstances there is no basis for declaring and enforcing a vendor's lien. Moss v. Thomas, 218 Ala. 141, 117 So. 648, 58 A. L. R. 1495.

■ Though the contract of November 24, 1923, following a like stipulation in the Nelson option, provided that "a good and warranty deed will be made to the purchasers, Joseph H. Loveman and Henry H. Cobb, or such person, firm or corporation as they may in writing direct," the stipulation in respect to commissions on rent first above quoted clearly contemplated that Loveman and Cobb would become the purchasers of the property under the Nelson option, and during their ownership complainant would act as rental agent of the property for them and retain the 3 per cent. commissions for its services in collecting the rents. It would be a very unreasonable and strained construction of the contract to say that the parties intended and effected a severance of the rents from the reversion, when in its face it provided that the rents less the commissions should be paid to the owner. The doctrine of the authorities cited, II Tiffany on Landlord & Tenant, p. 110, and others, to the effect that, "A severance of the rent from the reversion takes place not only when the landlord transfers the reversion without the rent, but also when he transfers the rent without the reversion," though sound, is inapplicable to the transaction involved in this case.

The decree of the circuit court sustaining the demurrers to the bill and dismissing it as to the defendant bank is free from error and is due to be affirmed. It is so ordered.

Affirmed.

ANDERSON, C. J., and THOMAS and FOSTER, JJ., concur.