31 So.2d 79

### BRYANT et al. v. ROBINSON et al.

### 1 Div. 271.

Supreme Court of Alabama.

June 19, 1947.

310

Hybart & Chason, of Bay Minette, for appellants.

Hubert M. Hall, of Bay Minette, for appellee.

LIVINGSTON, Justice.

This is a bill of interpleader, or a bill in the nature of a bill of interpleader, filed by the Bacon-McMillan Veneer Company, requesting the court to determine conflicting claims to the sum of $1842.25 in its hands as the purchase price of certain timber. The bill was accompanied by a payment of said sum to the register of the court.

It is alleged in the bill that the veneer company had purchased certain timber growing on a part of Section 13, Township 1 North, Range 1 East in Baldwin County, Alabama, from Percy A. Bryant, Douglas C. Bryant and George R. Bryant; that after the timber had been cut and removed, Virginia L. Robinson claimed to be the owner thereof and demanded payment to her of the proceeds of said sale.

Without protest or objection of any sort, the Bryants and Virginia L. Robinson filed answers to the bill of complaint. In the answer of Virginia L. Robinson, she admits that the amount due for said timber is the sum of $1842.25, and that the same has been paid to the register of the court. She further insists that the timber was cut and removed from the SE ¼ of SE ¼ of Section 13, Township 1 North, Range 1 East, in Baldwin County, Alabama, and that she is the owner of said lands, and was the owner of said lands and timber at the time the timber was cut and removed, and is therefore entitled to the proceeds from the sale thereof. The Bryants in their answer admit the correctness of the amount due and that it had been paid to the register of the court; but rest their claim to the money due for the timber cut and removed on the following facts: They allege in substance that they own the forty acres of land lying adjacent to and immediately north of the SE ¼ of SE ¼ of Section 13, Township 1 North, Range 1 East, and also that part of the forty acres of land lying adjacent to and immediately south of the SE ¼ of SE ¼ of Section 13, Township 1 North, Range 1 East, which lies north of an old, marked, recognized and accepted dividing line between the properties of the Bryants and Robinsons. That there is about twenty acres in said forty north of said dividing line; that about July 17, 1943, Virginia L. Robinson sold the timber on the SE ¼ of SE ¼ of Section 13, Township 1 North, Range 1 East, to one Archie McMillan for the sum of $4200.00; that before McMillan cut and removed said timber, he (McMillan) together with Percy A. Bryant, as the legal representative of the Bryants, and George E. Robinson, the son and legal representative of Virginia L. Robinson, went upon the lands, and not knowing exactly where the boundary lines of the SE ¼ of the SE ¼ of Section 13, Township 1 North, Range 1 East were, agreed between themselves that the old dividing line between the properties of the Bryants and Robinsons should be and constitute the southern boundary line of the said SE ¼ of SE ¼ of Section 13, Township 1 North, Range 1 East; that said old dividing line was either the actual southern boundary line of the said SE ¼ of SE ¼ of Section 13 Township 1 North, Range 1 East, or that the interested parties agreed that it should be so considered; that in any

event, Virginia L. Robinson, sold, and collected for, timber on forty acres of land lying adjacent to and immediately north of the old boundary line between the properties of the Bryants and Robinsons; that if the old dividing line was the true southern boundary line of the SE ¼ of SE ¼ of Section 13, Township 1 North, Range 1 East, then the timber sold by the Bryants to the veneer company was not on the SE ¼ of SE ¼ of Section 13, Township 1 North, Range 1 East, but was on the north forty of the Bryants; that if the old dividing line was not the true southern boundary line of said SE ¼ of SE ¼ of Section 13, Township 1 North, Range 1 East, then Virginia L. Robinson had sold and collected for timber belonging to the Bryants.

The trial court awarded the money in the hands of the register to Virginia L. Robinson. Although the trial court awarded the money in the hands of the register to Virginia L. Robinson, it also held that "the allegations of the bill do not entitle the complainant to the benefit of the bill of interpleader" because "complainant does not allege that there is doubt as to whom the money belongs, so that it could not safely pay the same to either of the claimants."

The trial court further decreed that "the Bryants cannot obtain relief against Mrs. Robinson in this proceeding, however meritorious their claim against her may be."

We are unable to follow the reasoning underlying the trial court's ruling that complainant was not entitled to the benefit of the bill of interpleader, and at the same time awarded the money held by the register to one of the claimants. If complainant was not entitled to interplead the parties, the bill should have been dismissed, and which, we think, would have carried the entire proceeding with it.

█ But in our opinion, the bill was sufficient in the absence of objections from either claimant to the fund.

The most serious question presented is in the holding of the trial court, in effect, that the Bryants could not obtain relief against Mrs. Robinson in this proceeding, "however meritorious their claim against her may be". The court relied on the case of Catts v. Sipsey Coal Mining Co., 212 Ala. 421, 102 So.

895, 896, and 33 Corpus Juris 459. The trial judge quoted from the Catts case as follows: "The only thing to be litigated between the opposing claimants is the ownership of the debt, money, or other property brought within the decretal jurisdiction of the court by the original bill of complaint." And from 33 Corpus Juris 459: "counterclaim or cross bill upon a claim other than that relating to the fund or right held by the stakeholder cannot be maintained by one of the claimants against another." See also 48 C.J.S., Interpleader, § 35.

In our opinion the Catts case, supra, supports a contrary view, where, in addition to the above, the Court speaking through the late Justice Somerville said: "It is undoubtedly true, as demonstrated by the brief of counsel for appellant, that when a proper case is made by a bill for interpleader, the equity of the bill lies in the right of the complainant to be protected against conflicting claims to money owed, or property held, by him, the superiority of either of which he cannot safely determine; and that, in such a case, the court will adjudicate the rights of the interpleading claimants, whether their respective claims be legal or equitable in their nature. Gibson v. Goldthwaite, 7 Ala. 281, 42 Am.Dec. 592; 33 Corp.Jur. 430, §§ 14 and 15, and cases cited in note 55; Id. 461, 462, § 52 I."

We also quote further from 33 Corpus Juris page 430, section 15: "It is generally held that it is no objection to a bill of interpleader that the claim of one defendant is legal and that of the other equitable." See also 48 C.J.S., Interpleader, § 14. In support of the above text is cited the case of Gibson v. Goldthwaite, 7 Ala. 281, 42 Am. Dec. 592, which is also cited in the Catts case, supra.

█ In the instant case both claimants submitted their claim to the court without objection as to the legal sufficiency of the other's answer. Under the facts, the Bryants' claim was an equitable one based upon the conduct of Mrs. Robinson, as hereinbefore outlined, which created an estoppel against her, and should be considered by the trial court in that light.

From the decree, we take it that the trial court failed to consider the Bryants' claim

to the fund in the hands of the register, and under the facts and circumstances, it should have been done.

Reversed and remanded.

GARDNER, C. J., and BROWN and SIMPSON, JJ., concur.