44 So.2d 248

**ROBINSON v. BRYANT et al.**

**I Div. 390.**

Supreme Court of Alabama.

Feb. 9, 1950.

Hubert M. Hall, of Bay Minette, for appellant.

Hybart, Chason & Stone, of Bay Minette, for appellees.

FOSTER, Justice.

This is an interpleader suit which has been to this Court on a former appeal. Bryant, et al. v. Robinson, 249 Ala. 309, 31 So.2d 79. As there pointed out, the contention is over the equitable as well as legal right of appellant Robinson on the one side and the appellees Bryants on the other. The land is situated in section 13, Township 1 North, Range 1 East, in Baldwin County. There are only two forties in the section which is fractional. They are the NE ¼ of SE ¼ and SE ¼ of SE ¼. The Robinsons and Bryants originally owned a large tract, including the two forties. In 1883 the Robinsons conveyed to the Bryants their interest in a large part of it including the two forties. It was swampy timber land. Section 24, Township 1 North, Range 1 East lies immediately south of section 13. Section 24 did not pass out of the Government until 1908. Robinson and Bryant agreed when the sale was made, as above stated, on the location of the south line of the tract. It was supposed to be the south line of section 13, not in section 24. The deed to Bryant by Robinson was by metes and bounds and not by government numbers. The lines on the north, east and west were well marked. On the south it was not, except by the agreement above mentioned. That line many years afterwards turned out to be about midway of the NE ¼ of NE ¼ of section 24.

The parties recognized as true the agreed line. The NE ¼ of NE ¼ of section 24 had been patented to the Robinsons in 1908. In 1943 Mrs. Robinson purchased from the

Bryants the SE ¼ of SE ¼ of section 13, above, and immediately sold the timber on that forty to McMillan. The south line of that forty was pointed out to him by the son of Mrs.. Robinson, acting for her and the Bryants all acting together. It was the old agreed line which in fact is about one-half of a quarter of a mile south of the true south line of SE ¼ of SE ¼ of section 13. From that as a starting point he cut the timber on forty acres north of that line to a north line which was about one-half of a quarter of a mile south of the true north line of the SE ¼ of SE ¼ of section 13. Mrs. Robinson was fully paid for it.

The Bryants continued to own the NE ¼ of SE ¼ of section 13, and sold the timber on it to complainant the next year, 1944, and when complainant was cutting the timber he included that in the north half of SE ¼ of SE ¼ of section 13, when the error was discovered. Complainant and the Bryants had supposed it to be in the NE ¼ of SE ¼ of section 13. But since it proved to be in the SE ¼ of SE ¼ of section 13, Mrs. Robinson set up claim to the purchase price. So that the controversy is between Mrs. Robinson and the Bryants as to the ownership of the purchase price of the timber cut from the north half of SE ¼ of SE ¼ of section 13, all parties supposing it to be in the NE ¼ of SE ¼ of section 13.

The rights of the parties must be determined on equitable principles, as we said on former appeal. The parties have set out their respective contentions as to the facts in their answers. On equitable principles the money in question, which was paid into court, belongs to one or the other of the parties.

At the time of the agreed south line, it ran through Government land, and the agreement was not effective for any purpose until after it was patented to Robinson in 1908. The continued recognition of it must be accompanied by sufficient acts of adverse possession for it to change the true dividing line. Smith v. Cook, 220 Ala. 338, 124 So. 898.

But if they both pointed out to McMillan the south line of the SE ¼ of SE ¼ of section 13 as being one-half of one-fourth of a mile south of the true line and if he cut over forty acres north of that stopping at a line one-half of one-fourth of a mile south of the north line of that forty, and all that induced the Bryants and complainant to believe that the north line of SE ¼ of SE ¼ of section 13 was one-half of one-fourth of a mile south of the true line and thereby induced the Bryants to sell and complainant to buy the timber on said north side of SE ¼ of SE ¼ of section 13 on the belief that it was in the NE ¼ of SE ¼ of section 13, which was owned by the Bryants, Mrs. Robinson would be estopped in equity to claim the price of the timber sold by the Bryants to complainant in reliance on that belief so induced.

The trial judge was justified in finding the facts thus to be from the evidence, some of which was given ore tenus before him. He decreed that the Bryants were entitled to the money in question.

On former appeal such was also the view expressed by this Court. Nothing has been added to alter that opinion, but rather to strengthen it.

Affirmed.

LIVINGSTON, LAWSON, SIMPSON and STAKELY, JJ., concur.