SHANNON, Judge.
This is an appeal by the defendants from a decree in favor of the plaintiff below, in a suit for declaratory relief which sought to impress a vendor’s lien upon real estate owned by the defendants.
Ahlman, a registered real estate broker and plaintiff in the lower court, acted as agent in the sale.to the defendants of real estate belonging to Tilsen and Robins. The question involved is whether or not the broker is entitled to enforce a vendor’s lien upon the realty where the purchasers had assumed the payment of his commission.
In his decree, the chancellor found, in part, as follows:
“The purchasers, Winston and San-son, entered into an agreement with sellers, Tilsen and Robins, providing that as part of the consideration for the purchase price, the purchasers would assume the sellers’ obligation to Ahl-man for commission. The payments due Ahlman are therefore secured by a vendor’s lien on the purchaser’s [sic] interest in the real property for the amounts due and to become due to plaintiff Ahlman under the commission agreement. This is an application of the rule that if part of the consideration is the assumption and payment by the purchaser of an indebtedness owing by the vendor to a third person, the latter may enforce a vendor’s lien for the amount of his claim. * * * (Citing cases.) The commission agreement prepared by defendants’ attorney, executed by defendants, Winston and Sanson, and acknowledged by Sanson, which was recorded in October, 1956, evidenced the vendor’s lien securing the sums due Ahlman and it was not improper to record same.”
The chancellor upon this principle of law found for Ahlman. Upon review, we think that his decision is correct. The record shows that the negotiations for the sale of this land resulted in an agreement whereby the appellee was to receive a share of the purchase price as his commission, payable over a period of years. The land was conveyed to the appellants and subsequently they defaulted in commission payments to the appellee, Ahlman.
In the case of Zirkle v. Hendon, 1913, 180 Ala. 209, 60 So. 834, 835, the lower court had sustained demurrers to a bill for the enforcement of a vendor’s lien on land. The Supreme Court of Alabama, after setting out the terms of the agreement whereby the broker was to receive, as his commission, $5 of the purchase price of each acre of land sold, had this to say:
“ * * * If the purchase price is $20 per acre, and a part is to be paid to one person and a part to another, clearly one portion is as much a part of the purchase price as the other.
“The vendor’s lien exists and is enforced, not only where the consideration is to be paid to the vendor, but also where it is to be paid to a third person by or with his consent. ‘Otherwise, contravening the intention of the parties, and violating equity and good conscience, the vendee would keep the land without paying the purchase money.’ * * *
“ * * * The decree of the court will be reversed, and one will be here rendered overruling the demurrers.”
The law of Florida, with regard to the question involved here, is expressed in the *489 case of Moss v. Sperry, 1939, 140 Fla. 301, 191 So. 531, 537, 125 A.L.R. 909, wherein the Supreme Court said:
“ * * * [W] e adopt the view of the Alabama decisions to the effect that in order for the broker’s commission to be held to he a part of the purchase price and pro tanto protected and secured by the vendor’s lien (which is itself a form of equitable lien, 27 R.C.L. 568) the purchaser must have been obligated to the owner to pay such commission to the broker as a part of the purchase price. * * * ”
See also Moss v. Thomas, 1928, 218 Ala. 141, 117 So. 648, 58 A.L.R. 1495; Davis v. Huff, Tex.Civ.App.1926, 288 S.W. 267; 10A Thompson on Real Property § 5246; 55 Am.Jur., Vendor and Purchaser, § 482; annotation 125 A.L.R. 921.
Affirmed.
ALLEN, C. J., and KANNER, J., concur.