### MARTIN v. BURNING FOOT LIMITED, et al.

No. 72-C-6626.

Circuit Court, Fifteenth Judicial Circuit.

October 12, 1973.

Ronald Sales of Sales, Metzger & Christiansen, Palm Beach, for the plaintiff.

Charles A. Nugent of Cone, Wagner, Nugent, Johnson & McKeown, Palm Beach, for the defendants.

LEWIS KAPNER, Circuit Judge.

A notice of lis pendens has been filed and the defendants seek to have this notice removed on the grounds that the plaintiff has not alleged sufficient grounds for the issuance of a vendor's lien.

Plaintiff has alleged that defendants promised to pay plaintiff a "real estate broker's commission in a reasonable amount" if plaintiff induced the owners of certain real estate to sell that real estate to defendants, which real estate was in fact sold.

Defendants contend that a vendor's lien is applicable only when the agreement is to the effect that the commission is to be paid out of the proceeds of the sale as such. They cite Moss v. Sperry, 191 So. 531, which upheld the right of a plaintiff to endorse a vendor's lien where there is "some obligation on the part of the purchaser to pay the brokerage commission as a part of the purchase price" (page 536). Winston v. Ahlman, 131 So.2d 487, also involved an agreement which explicitly provided that the commission was to be paid out of the purchase price.

In many cases, an agreement by a purchaser to pay the commission will impliedly provide that the commission is to be paid out of the purchase price as such; however, this is not always the case. Ordinarily a brokerage commission becomes due and payable upon competion of the services he has undertaken to perform. These services may or may not include payment of a purchase price, such as where the broker finds a person "ready, able, and willing" to consummate the sale.

The Florida cases cited by defendants have held that a vendor's lien is applicable when the commission is part of the purchase price, but they do not specify that it is *limited* to those instances. However, 12 Am. Jur. 2d *Brokers*, §242 is to the point —

A broker is not entitled to have a lien for his compensation enforced against the land where . . . the contract did not have the effect of entitling the broker to a share of the purchase money as such. [citing King v. Wells, 130 So. 38.]

*§243 — as purchase money*

> . . . [I]t is important to distinguish between a contract entitling the broker to a share of the purchase as such and a mere contract to pay him an amount equal to a percentage of the purchase money. Where the broker is entitled to receive a part of the purchase money, an equitable lien thereon may be enforced . . . On the other hand, a mere agreement for brokerage, computed as percentage of the purchase does not afford a basis for an equitable lien upon the purchase money. And, of course, where the agreement is to the effect that no sort of brokerage lien should exist upon the land or proceeds, no such lien exists.

Plaintiff here has alleged that "defendants would pay a real estate commission in a reasonable amount." This contains no allegation that the commission is to be paid out of the "purchase money as such."

Accordingly, it is ordered that the lis pendens presently filed in this cause be removed, unless plaintiff shows amended pleadings sufficient to give him a right to a vendor's lien. Plaintiff is given 10 days to amend his complaint.