(101 So. 745)

**BLAIR v. MORRIS.** (4 Div. 143.)

(Supreme Court of Alabama. Oct. 23, 1924.)

**1. Specific performance ☞106(1)—Ordinarily, one having assigned interest cannot sue for specific performance.**

Ordinarily, one who has assigned all interest under contract to convey cannot sue for specific performance; right to maintain suit passing to assignee; and assignor not being necessary party.

**2. Injunction ☞107—Vendor held to have independent equity to maintain bill to enjoin ejectment suit; "covenants of general warranty."**

Where vendor conveyed lot with covenants of seisin, good right to convey, freedom from incumbrance, and to warrant and defend, he had independent equity to maintain bill to enjoin ejectment against his grantee to which he was not party, to perfect title conveyed and make good his covenants; his covenants being "covenants of general warranty" (quoting Words and Phrases, First Series, "Covenants of General Warranty").

**3. Injunction ☞114(2) — Plaintiff's grantee held not necessary party to suit to restrain ejectment.**

Where purchaser sued to restrain ejectment action by vendor against purchaser's grantee, and to require conveyance of legal title, grantee was not a necessary party, his interest in bill being merely to acquire legal title to land conveyed and its protection in ejectment, which rights would inure to him as matter of law on decree.

**4. Appeal and error ☞877(2)—Requiring deed by necessary party, not joined, to clear cloud on respondent's title held not prejudicial error.**

Where complainant, who had purchased strip of land from respondent, conveyed it without excepting respondent's interest in party wall built thereon, it was not error prejudicial to respondent, in complainant's suit for specific performance, to require deed from complainant's grantee, to clear cloud on respondent's title, without requiring such grantee to be brought in, where he appeared voluntarily and made deed.

**5. Equity ☞423—Equity may mold its decrees to adjust equities of all parties.**

Equity court may mold its decrees, so as to adjust equities of all parties.

Appeal from Circuit Court, Geneva County; H. A. Pearce, Judge.

Bill in equity by J. J. Morris against M. W. Blair. From a decree for complainant, respondent appeals. Affirmed.

Mulkey & Mulkey, of Geneva, for appellant.

The owner or owners of the equitable interest in the land were necessary and indispensable parties to the suit. Sawyers v. Baker, 66 Ala. 292; Taylor v. Longworth,

39 U. S. (14 Pet.) 172, 10 L. Ed. 405; Hurst v. Thompson, 73 Ala. 158; McIntire v. Hughes, 7 Ky. (4 Bibb) 186; Thompson v. Miller, 204 Ala. 502, 85 So. 689; 44 Am. Dig. 1747, Sec. 343.

C. D. Carmichael, of Geneva, for appellee.

Counsel argues the questions raised, but without citation of authorities.

BOULDIN, J. Bill in equity to protect the equitable title to real estate, divest the legal title, and enjoin an action of ejectment. The case made by the bill is this:

In 1908 or 1909 J. J. Morris and M. W. Blair owned adjoining vacant lots in the town of Samson. By letter it was agreed that Blair sell Morris a five-foot strip off the former's lot, in consideration that Morris build a brick wall on the margin of his lot as thus enlarged, and Blair should own a half interest in the wall. Morris built a wall. A difference arose as to the sufficiency of the wall. Later it was agreed by parol that, if Morris would extend the wall a further depth, Blair would make the deed to the five-foot strip. Morris extended the wall as agreed; Blair subsequently built on his lot and joined to the wall; both parties continued to use it as a party wall until 1913, when Morris sold and conveyed his lot, including the five-foot strip, to W. R. Holder, executing to him a deed with covenants of general warranty. Holder took possession, and has since held same under his deed. No deed was ever executed by Blair; and in 1918 he brought suit in ejectment against Holder's tenant in possession for the five-foot strip.

The bill is filed by Morris against Blair to enjoin this suit and require conveyance of the legal title, reserving the one-half interest in the party wall. The bill is challenged by demurrer on the ground that Morris has parted with all title, legal or equitable; that Holder, his grantee, is the only one who can maintain the bill, or is a necessary party complainant. The demurrer was overruled. This ruling is here for review.

[1] Ordinarily, a person who has assigned all interest under a contract to convey cannot maintain a bill for specific performance. The right to maintain the suit passes to the assignee. The assignor is usually a proper, but not a necessary, party. Shakespeare v. Alba, 76 Ala. 351; Davis v. Williams, 121 Ala. 542, 25 So. 704; 36 Cyc. 760, 761.

[2] The independent equity of Morris to maintain this suit rests upon his relation to the property and to the suit in ejectment, growing out of his covenants of warranty. It is averred that his deed to Holder contained "general covenants of warranty," and that Morris is under the moral and legal duty to defend the title thus conveyed. The sufficiency of the averment as to the nature

of these covenants is not questioned. The deed referred to, and later offered in evidence, contains covenants of seizen, good right to convey, freedom from incumbrance, and to warrant and defend against the lawful claims of all persons. These are sometimes referred to as "covenants of general warranty." 2 Words and Phrases, First Series, 1694.

While Morris was not a party to the ejectment suit, he was a party in interest, in that the judgment, ousting his grantee under title paramount, would be evidence of the breach of his covenants of warranty—Morris having notice and opportunity to defend. Under the averments of the bill Morris acquired a perfect equity, a complete title in equity, upon payment of the consideration in full and being let into possession.

The vendor had a naked legal title, held in trust for the owner of the equitable title. This trust was being abused by the suit in ejectment based on the legal title. The only remedy open to Morris in defense of the suit in ejectment was in equity. It is not necessary to decide whether Holder was under any duty to resort to the extraordinary process of injunction to protect his equitable title and possession, or whether he had a right to rest upon his covenants of warranty, and require Morris, on notice, to defend. We think Morris has an independent equity to maintain the bill by way of defense of the ejectment suit, to perfect the title he had conveyed, and to make good his covenants of warranty. The legal title to be vested in Morris by the decree would immediately pass to Holder by force of the covenants of warranty in the deed.

[3] The only interest of Holder in this suit in equity was the acquirement of the legal title and its protection in the ejectment suit. These rights would inure to him as matter of law upon a decree at the suit of Morris. We think Holder was not a necessary party to the suit.

[4] It developed in the evidence that Morris, in his deed to Holder, had conveyed the entire five-foot strip, making no exception of the half interest in the party wall owned by Blair. This did not convey any title to Holder in this half interest in the wall. It was never in Morris. But it did cast a cloud on Blair's title. Morris was in no position to do equity, as he offered to do in the bill.

In this state of the case, the court below entered an interlocutory decree, to the effect that complainant, Morris, was entitled to the relief prayed only on condition that this cloud on Blair's title to the wall be cleared; directed that Morris and all those claiming under him execute and file in court deeds conveying this half interest in the wall to Blair, who should have opportunity to except thereto. The deeds were executed, and, no objections being filed, the court proceeded to grant the relief prayed in the bill, and caused the deeds to be delivered to Blair.

[5] It may be conceded that, in the situation disclosed, Holder became a necessary party in order to adjust all the equities between him and Blair in one suit. But, when he came in and voluntarily did what the court would have done, there remained no necessity to bring him in, and complainant having done equity in the premises, we find no injury to respondent in the course taken by the trial judge. It is of the nature of equity proceedings that the court may mold his decrees so as to adjust the equities of all parties.

The issues of fact presented in the answer touching the terms of the contract between the parties, and the performance or nonperformance of its terms by the complainant, were tried upon evidence in part taken orally before the court. This evidence supports the court's finding, and we cannot say the court erred under the rules applicable in such case.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.