128 So.2d 94

John D. WINSLETT

v.

Victor S. RICE et al.

2 Div. 409.

Supreme Court of Alabama.

Nov. 3, 1960.

Rehearing Denied March 30, 1961.

Reginald Richardson, S. W. H. Williams, Jr., and G. E. Sledge, Greensboro, for appellant.

McLean Pitts and Cecil C. Jackson, Jr., Pitts & Pitts, Selma, for appellees.

**28**

STAKELY, Justice.

In this case there is a bill for a declaratory judgment filed by Victor S. Rice and Sarah S. Rice (appellees) against John D. Winslett (appellant).

The main controversy in the case grows out of an alleged oral agreement between John D. Winslett and the Rices made in connection with a written contract for the sale of certain real estate in Perry County, Alabama. The allegations of the bill show that the Rices purchased from Winslett certain farm lands for which they agreed to pay the sum of $48,200. Of this amount $18,200 was paid in cash and the balance was covered by a purchase money mortgage given to Winslett. The contract for the sale and purchase of the land between Winslett and the Rices was made in writing on December 15, 1956. The contract provided for a purchase price of $48,200,. $1,000 to be paid by the purchaser on December 21, 1956, and $17,199 to be paid by the purchaser on the 12th day of January,. 1957, on the execution and delivery of a conveyance of the real estate by warranty deed from the vendor to the vendees and. a mortgage to be executed by the vendees to the vendor to secure the balance of the purchase price. Other provisions of the written contract need not be set out.

The bill of complaint alleges that simultaneously with the closing of the land sale transaction and as a part thereof and as a further inducement to the Rices to purchase the real estate, the vendor Winslett agreed to permit the Rices to use certain personal property consisting chiefly of farm equipment at that time on the land for a period of three years, rent free.

There was testimony tending to show that the Rices had originally been willing to pay in cash the amount of $15,000, saying, in effect, that they would still have to buy the necessary farm equipment and appliances in order to use the land and that they did not have the capital to do both. Testimony further showed that when, however, the amount of cash to be paid on the closing of the deal was raised to $18,200, Winslett agreed to allow the use of the farm machinery and appliances for a period of three years, rent free. In this way the Rices would not be put to the expense of buying farm machinery and appliances necessary for the use of the farm land for three years.

We have considered the evidence very carefully. It is our judgment that the great weight of the evidence shows the existence of the oral contract and that such oral contract was made prior to the written con-

tract. The court found in its final decree that such an oral contract existed at the time the written contract of sale and purchase was made on December 15, 1956 and was made for the purpose of inducing the Rices to enter into the written contract dated December 15, 1956. The transaction was concluded with the delivery of the deed to the land from Winslett to the Rices and the payment by the Rices to Winslett of $18,200 and the execution and delivery of the mortgage on February 25, 1957.

According to the allegations of the bill several weeks later the Rices took possession of the real estate and the personal property which was on the farm. However, Winslett thereafter brought an action of detinue in the Circuit Court of Perry County for the personal property and the sheriff on June 17, 1957, took possession of the chattels which were the subject of the detinue action on the execution by Winslett of a replevin bond.

The allegations of the bill further show that the vendor Winslett represented to the vendees Rice that the well on the premises was in good working condition and was producing clear and uncontaminated water, but that, in fact, the water was muddy and unfit for human consumption and further that immediately after the closing of the real estate transaction Winslett wrongfully removed from the premises a kitchen sink and a hot water heater which were attached to the house located on the premises.

The appellees Rice allege in their bill that they do not have an adequate remedy at law and pray in substance for the following relief: (1) that the court render a declaratory judgment to determine the validity of the alleged oral agreement with respect to the three year possession of the personal property, and, if the agreement be valid, to declare the reasonable rental value of this property for the three year period and to credit the same on the unpaid purchase money mortgage; (2) to determine a sum to be credited on said mortgage because of the alleged misrepresentations as to the well on the premises and the removal of the hot water heater and the sink; (3) to enjoin the prosecution of the detinue action until the court could declare and adjust the equities between the parties; (4) to give such other, further, different, or more general relief as complainants may be entitled to under the pleadings and proof.

On February 27, 1958, the court issued the temporary injunction prayed for against further prosecution of the detinue action. Winslett filed a motion to dissolve the injunction and the motion was denied. Winslett thereupon answered the bill and on June 11, 1959, filed a demurrer and an additional answer. The demurrers were overruled. The answer of Winslett denies the material allegations of the bill and also alleges that the oral agreement with respect to the personal property is violative of the statute of frauds.

The case was tried orally before the court. The court thereupon rendered a final decree in which it found the existence of an oral agreement for the lease of the chattels, as we have stated and then proceeded to reform the written contract for the sale of the land by writing therein the oral chattel lease agreement. The court allowed the Rices a credit of $2,250 against the mortgage debt, representing three years reasonable rental value for the personal property taken in possession by the sheriff in the detinue action and a further credit of $450, the alleged cost of repairing the well and $430, the alleged value of the heater and sink removed from the premises by Winslett. The court also enjoined further prosecution of the detinue action.

I. We see no need to consider the question of the statute of frauds in connection with the alleged oral agreement because, assuming for the sake of argument only that the oral agreement is violative of § 3(1), Title 20, Code of 1940, if the written agreement can be reformed by incorporating therein the oral lease agreement, then the entire agreement is in writing and the statute of frauds in inapplicable. Owens v.

Lackey, 247 Ala. 537, 25 So.2d 423; Thompson v. Marshall, 36 Ala. 504, 513, 76 Am. Dec. 328.

In considering the matter of reformation we shall for the moment pass over questions of pleading which have been raised in connection with the right of reformation. When we speak of reformation we are considering reformation of the written contract dated the 15th day of December, 1956, marked Exhibit B to which we have heretofore referred. Under § 59, Title 9, Code of 1940, the statute provides in effect that when through fraud or mutual mistake or mistake made by one party which the other at the time knew or suspected, a written contract does not truly express the intentions of the parties, it may be revised by a court of equity upon application of the party aggrieved so as to express the intention, so far as can be done without prejudice to the rights acquired by third persons in good faith and for value.

As pointed out in American Liberty Ins. Co. of Birmingham v. Leonard, 270 Ala. 17, 115 So.2d 470, and in Ex parte Porter, Ala., 122 So.2d 119,[1] it is not necessary that the mistake of fact be mutual or that fraud in its strict sense induced the mistake. The contract may be reformed for fraud or other inequitable conduct of one plus mistake on the part of the other. In the instant case it is alleged and the proof shows that the Rices were paying the total amount of $18,200 in cash in order to have the use for three years, rent free, of the farm machinery appliances on the land. And that they took possession of the farm appliances and machinery on the land at the time they took possession of the real estate. It certainly does appear that the appellees were induced to enter into the contract marked Exhibit B by the oral agreement made with them by the appellant. They increased their down payment from $15,000 to $18,200, accepted the deed to the real estate, executed a purchase money mortgage back to Winslett for the balance of the purchase price and executed their four promissory notes in the amount specified in the mortgage.

We think that a mistake on the part of the Rices can be inferred in not stating in the written contract marked Exhibit B the meaning and purpose of the total cash payment of $18,200, which is substantially the amount of the cash payment provided for in the written contract. Orr, Scroggins & Hume v. Echols, 119 Ala. 340, 24 So. 357; Owens v. Lackey, 247 Ala. 537, 25 So.2d 423. The true consideration for a written contract can be shown by parol evidence. Pollack v. Gunter & Gunter, 162 Ala. 317, 50 So. 155. Of course, the rule which permits parol evidence to show the real consideration for a written contract does not allow use of such evidence to ingraft new and different conditions on the contract. Ex parte South, 205 Ala. 31, 88 So. 221. It is by reformation however that a written contract may be revised so as to show the true consideration for the contract when the written agreement was executed. Orr, Scroggins & Hume v. Echols, supra. There is no question as to the intentions of the parties under the oral agreement which was made prior to the written contract.

On the other hand, it is also clear to us that Winslett, if not guilty of fraud, was certainly guilty of inequitable conduct in receiving the total amount of $18,200 in cash and retaining it and then undertaking to recover possession of the chattels through a detinue action so as to prevent the Rices from having the use of the chattels for a period of three years, rent free. Fraud as denounced in equity includes all acts, omissions or concealments, which involve a breach or lack of equitable duty, trust or confidence, justly reposed, which will be injurious to another or by which an undue or unconscientious advantage is taken of another. Fuller v. Scarborough, 239 Ala. 681, 196 So. 875; Morgan v. Gaiter, 202 Ala. 492, 80 So. 876. We do not believe that Winslett should be allowed at

1. 271 Ala. 44.

this time to reclaim the personal property when he had agreed to allow the Rices the use of the personal property for a period of three years, rent free. He induced them to buy his real estate and to pay $18,200 in cash and to execute a mortgage to him for $30,000. After all this was done, it may be that he thought he had an opportunity to recover possession of the personal property that he had agreed to allow them to have and use for a period of three years, rent free. We do not consider that a court of equity should condone or place its stamp of approval on such conduct.

■ It is insisted by the appellant that the court should not have granted reformation because reformation is not specially prayed for in the bill of complaint. We do not agree. While the allegations of the bill of complaint in the instant case do not contain the word "fraud" or the expression "inequitable conduct," yet the allegations are so strong that they do, as a matter of fact, constitute allegations of fraud or inequitable conduct. Hooke v. Hooke, 247 Ala. 450, 25 So.2d 33; Myers v. Redmill, 266 Ala. 270, 96 So.2d 450, 73 A.L.R.2d 746.

Furthermore the bill of complaint in the instant case is not the usual bill brought by a complainant against a respondent. It is a bill filed in equity for a declaratory judgment and, among other things, seeks a declaration by the court as to whether the oral contract is valid or invalid. We see no reason why in a bill of this nature, even though the word "fraud" or the expression "inequitable conduct" are not used, the court on the allegations of the bill and the proof, may not find the oral contract valid by incorporating it in the written agreement through reformation and grant relief accordingly.

■ Furthermore the bill contains a general prayer for relief. Taking into consideration the allegations of the bill and the evidence, we think that the written agreement, which is marked Exhibit B, should be reformed to include the oral contract. Under a prayer for general relief in a bill of equity, the court has the power to mould relief to meet the equities developed in the trial. Dillard v. Gill, 254 Ala. 5, 47 So.2d 203; Barran v. Roden, 263 Ala. 305, 82 So. 2d 398; Rice v. Eiseman, 122 Ala. 343, 25 So. 214; Magnolia Land Co. v. Malone Investment Co., 202 Ala. 157, 79 So. 641.

■ II. A court of equity having taken jurisdiction for a purpose strictly equitable will dispose of the whole controversy even though in doing so it may be called on to administer relief which pertains to courts of common law jurisdiction. Moss v. Thomas, 218 Ala. 141, 117 So. 648, 58 A.L.R. 1495; Houston Canning Co. v. Virginia Can Co., 211 Ala. 232, 100 So. 104, 35 A.L. R. 912; Nixon v. Clear Creek Lumber Co., 150 Ala. 602, 43 So. 805, 9 L.R.A.,N.S., 1255.

■ The court in its decree allowed the Rices a credit against the mortgage indebtedness due to Winslett in the amount of $2,250. This was the amount of the reasonable rental value of the personal property as found by the court. The court arrived at the conclusion that the reasonable annual rental value of the personal property was $750 per year and the term of the lease was for a period of three years, making the total reasonable rental value of the personal property for the term of the lease $2,250. We think the court correctly applied the measure of damages in arriving at its conclusion. The damages recoverable for the breach of a contract are such as are the natural and proximate consequences of the breach and such as may reasonably be supposed to have been within the contemplation of the parties at the time the contract was made. Birmingham Water Works Co. v. Martini, 2 Ala.App. 652, 56 So. 830.

■ Winslett breached the oral contract by taking possession of the personal property by writ of detinue and the natural and proximate consequences of the breach was that the Rices would have to obtain the

same property from other sources either by purchase or rental. This means that the court correctly enjoined further procedure in the detinue suit and further means that Winslett is entitled to receive from the sheriff the personal property which the sheriff took in the detinue suit.

As we understand the situation Winslett admits in brief that the combination dish washer sink and electric hot water heater were a part of the premises and should not have been removed by him. No question appears to be raised that the court correctly allowed the credit of $430 on the mortgage indebtedness for these items.

 We also consider that the court correctly applied the measure of damages which could have been applied in connection with the contamination of the well. The evidence by disinterested persons and the report of the Health Department of Perry County show that the well was producing muddy, contaminated water. It is contended by the appellant that the measure of damages should be the difference in the reasonable market value of the land as represented with the well and the reasonable market value of the land with the well as it actually was. It seems to us, however, that the difference in the value of the land could be the cost of boring the new well. The damages should be in such an amount as would place the Rices in the same condition which they would have occupied, if the contract had been fully performed. Nunnally Co. v. Bromberg & Co., 217 Ala. 180, 115 So. 230; Kennedy v. Hudson, 224 Ala. 17, 138 So. 282. We see no reason for complaint on the part of Winslett as to the method used in proving damages for the contaminated well.

We conclude that the case was decided correctly by the trial court and should be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.

