166 So.2d 391

**STATE of Alabama**

v.

**A. R. WOODHAM.**

4 Div. 158.

Supreme Court of Alabama.

June 18, 1964.

Richmond M. Flowers, Atty. Gen., Willard W. Livingston and Wm. H. Burton, Asst. Attys. Gen., for appellant.

 

Hiram J. Brogden, Jr., Andalusia, and Clyde M. Love, Florala, for appellee.

LIVINGSTON, Chief Justice.

After a hearing, the State Department of Revenue, on May 9, 1962, made final, three assessments against A. R. Woodham for license taxes for engaging in the business of making personal loans in Covington County, Alabama. The fiscal years involved were the years beginning October 1, 1959 through September 30, 1960; October 1, 1960 through September 30, 1961, and October 1, 1961 through September 30, 1962. The assessments were levied under Subsection 2 of Section 495, Title 51, Code of Alabama 1940, as Recompiled in the Code of 1958.

Woodham appealed under the provisions of Sec. 140, Title 51, Code of 1940, as amended, and filed his bill of complaint in the Circuit Court of Covington County, Alabama, in Equity. He prayed that the final assessments against him be set aside and held for naught, and for general relief.

The State of Alabama, the appellant, filed an answer to the bill of complaint in which was incorporated a demurrer. The demurrers were overruled, and the case was in due course set for trial on October 29, 1962. The attorneys for the State did not appear at the trial. At the trial, Woodham appeared and testified by deposition. Woodham, on the same date, October 29, 1962, moved the court for a decree to the effect that he did not owe the license tax assessed by the State Department of Revenue. On the same day, the court rendered a decree by which it was "ORDERED, ADJUDGED AND DECREED that the lien heretofore filed by the State Department of Revenue of the State of Alabama be marked 'Discharged,' and the Register of this Court is ordered to file a copy of this order in the office of the Judge of Probate of Covington County, Alabama, and to mark said lien VOID AND DISCHARGED by Order of this Court."

On November 5, 1962, the Attorney General of the State of Alabama filed its motion to vacate the final decree of October 29, 1962, and to grant a rehearing. This motion was set for hearing, and heard, on November 21, 1962. On the hearing, there was positive evidence that neither the State nor the Attorney General received notice of the setting of the case for trial. The motion was denied and overruled. The State appealed.

There are 13 assignments of error, but, in essence, they present three propositions for review: (1), that there was error in overruling appellant's motion for a rehearing; (2) that the evidence was insufficient to support the decree; (3) that the trial court erred in ordering that the tax lien be marked "discharged."

It is argued by the State that neither it nor its attorneys of record were notified of the setting of the case for trial on October 29, 1962, and that, therefore, motion for a rehearing should have been granted.

Section 249 of Title 7, Code of 1940, as Recompiled in 1958, provides, in pertinent part, as follows:

" * * * In civil cases, the clerk of the court shall notify attorneys of record who reside outside of the county of the day their case or cases are set for trial, which notice may be given either by letter or by mailing a copy of the docket of the court."

We have held that the above-quoted provisions relate only to civil cases on the law side of the docket and have no application to equity cases. In the absence of some such provision as contained in Sec. 249, supra, all parties litigant, once in court, either for themselves or through their attorneys, must keep track of their case, know their status and ascertain for themselves when the same will be tried. Averett v. Averett, 255 Ala. 606, 52 So.2d 371; Hanover Fire Ins. Co. v. Street, 228 Ala. 677, 154 So. 816. And in Faust v. Faust, 251 Ala. 60, 36 So.2d 229, it was said:

"A litigant by his attorney must keep up with the progress of his case in court, and he is not due to have notice, except as prescribed by law."

See also Whaley v. State, 263 Ala. 191, 82 So.2d 187.

While the Assistant Attorney General who prepared the briefs for the State recognizes this principle, he insists that the court abused its discretion by refusing to grant a rehearing.

To this, we cannot agree. As shown above, the State had entered an appearance in the case by filing an answer to the bill of complaint, and he is required thereafter to keep up with the progress of his case.

An assessment duly made by the Department of Revenue is prima facie correct, and where an appeal is taken on the assessment, the burden is on the taxpayer to show that such assessment is incorrect. Title 51, Sec. 140, Code of 1940, as Recompiled in 1958; First National Bank of Birmingham v. State, 262 Ala. 155, 77 So.2d 653; Paramount-Richards Theatres v. State, 252 Ala. 54, 39 So.2d 380; State v. Overby, 265 Ala. 39, 89 So.2d 525.

The appellant argues that there is no legal and competent evidence to meet the appellee's burden of proving his case. The case of Cobb v. Malone, 92 Ala. 630, 9 So. 738, held that this Court would not reverse a decision of the lower court on the ground that the evidence was not sufficient to support the verdict unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust. This principle applies, of course, to verdicts of juries as well as to trials by courts without a jury.

As stated above, these assessments against the appellee were made under the provision of Subsection 2 of Sec. 495, Title 51, Code of Alabama 1940, as Recompiled in 1958. Sec. 495 reads:

"§ 495. 1. Each person engaged in discounting or buying conditional sales contracts, drafts, acceptances, notes or mortgages on personal property shall pay an annual license as follows: Employing capital of—$50,000.00 or less * * * $5.00; $50,000.00 to $100,000.-00 * * * $10.00; $100,000.00 to $150,000.00 * * * $15.00; $150,-000.00 to $300,000.00 * * * $25.00; $300,000.00 to $500,000.00 * * * $100.00; $500,000.00 and up * * * $300.00, the payment of which shall be sufficient to engage in business in any county of the state except county in which principal office is located in which case county licenses shall be one-half of the above schedule. 2. Each person engaging in business of lending money on salaries or making industrial or personal loans shall pay an annual license of one hundred dollars for each county in which they engage in business."

As to the interpretation of Subsection 2 of Sec. 495 of the foregoing statute, it was said in State v. Bragg, 257 Ala. 13, 57 So.2d 559:

"We think it would not be out of the range of fair interpretation to hold that the terms of the statute are direct-ed rather at the use to be made of the funds loaned than to the security for the loan. We think that if the loan is made to secure funds for the personal use of the borrower or his family,.

it is a personal loan without regard to the nature of the security, excluding loans on realty mortgages in this respect. If it is to raise money to be used in business or trade, agriculture, or possibly industry, it is not a personal loan. Industrial loans, as used in the statute, may have reference to methods akin in that respect to industrial insurance, 44 C.J.S., Insurance, § 20, page 480, but not meaning loans to be used to finance industry. But we are not here called upon to make a definite interpretation of that feature of the statute.

"Our views would exclude from the statute those lenders who loan only for business or trade, or for agricultural or industrial purposes, unless they are secured by transfer of wages or are on the industrial plan, and would include only those who lend for the personal and family uses of the borrower without regard to whether the loan is secured by collateral, chattel mortgage, or personal indorsement, and would include those secured by transfer of wages or are on the industrial plan. We believe the legislature was more concerned with taxing lenders of money for personal uses than for business purposes."

The answer of the respondent, after admitting certain parts of the bill as to the parties, etc., denied the allegations to the effect that Woodham was not engaged in making personal loans.

On the trial, Woodham testified as follows:

"My name is A. R. Woodham. I am over the age of twenty-one years, a resident of Covington County, Alabama, and the Appellant in this case. On the 9th day of May, 1962, the State Department of Revenue of the State of Alabama, made final the assessment of a license tax on Money Lenders against me for years October 1, 1959 through September 30th, 1960; October 1, 1960 through September 30, 1961, and October 1, 1961 through September 30, 1962. The total assessments amounted to $563.25. I do not owe this license, as I am not engaged in the business of lending money to persons on salaries or making industrial loans or personal loans. The people know I have some money, as I have made loans to numerous people in the past, prior to October 1, 1959. I will discount loans and buy conditional sales contracts, notes and mortgages on both personal and real property. I have purchases (sic) a license for this type of business. I solicit the business of purchasing Conditional Sales Contracts, discounting loans, notes and mortgages."

We realize, of course, that one is due to pay a license tax for each business conducted by him, and the payment of one license tax is no excuse for not paying the license tax for conducting another business. Assuming, without deciding, that the evidence offered by Woodham is subject to objection because it is a conclusion of the witness, or because of the form of his statement, etc., suffice it is to say that no objection was interposed. Clearly, the evidence is relevant and material to the issue. involved, and as it stands unrefuted, is sufficient to sustain the decree of the court below.

The appellant insists that the trial court had no authority to mark the lien recorded in the office of the probate judge "discharged," and to make said lien "void and discharged by the order of this court."

The bill of complaint contained a prayer for specific relief and for general relief. Appellant apparently bases this insistence on a construction of Sec. 883 of Title 51, Code of Alabama 1940, as Recompiled in 1958, which, according to appellant, gives the Department of Revenue the exclusive authority to cancel or satisfy tax liens recorded under the statute.

Assuming, without deciding, that the statute does give the Department of Revenue sole authority to satisfy liens as between the state and the taxpayer, it is axiomatic that equity courts under a prayer for general relief have power to mold their decrees to meet the equities developed at the trial. Winslett v. Rice, 272 Ala. 25, 128 So.2d 94. The court had ample authority to order the liens created by the filing of the final assessments in the probate office discharged, and to decree that they be marked void and discharged.

The decree of the lower court is affirmed.

Affirmed.

SIMPSON, MERRILL and HARWOOD, JJ., concur.