190 So.2d 702

**BBC INVESTMENT COMPANY, Inc.**

**v.**

**Mollie C. GINSBERG et al.**

**3 Div. 198.**

Supreme Court of Alabama.

Aug. 25, 1966.

Rehearing Granted in Part Oct. 6, 1966.

Evans Hinson, Montgomery, and Peyton D. Bibb, Birmingham, for appellant.

Whitesell & Alton, Montgomery, for appellee Ginsberg.

Robt. B. Stewart, Montgomery, for appellee Kansas City Title Ins. Co.

SIMPSON, Justice.

The appellant owns and operates the Continental Motel in Montgomery. Appellant bought a piece of property adjoining its motel from All States Life Insurance Company. Subsequently it conveyed this property to Frontier, Inc. Frontier, Inc. agreed to construct a building referred to as an "Addition to Continental Motel, Montgomery, Alabama", and BBC Investment Company, Inc. and Frontier, Inc. entered into a lease whereby the addition to the motel was leased to BBC. The addition to the motel, or annex, is located so as to be accessible only through appellant's motel property.

According to the lease the building was to have been completed by June 15, 1963, but the tenant did not take possession until July 1, 1963. On July 1, 1963, appellant and Frontier, Inc. made up a list of work still to be done on the building. This agreement is referred to as the supplemental agreement of July 1, 1963, and appellant characterizes it as a conditional acceptance of the building.

The annex was mortgaged to City Federal Savings & Loan Association of Birmingham, and the lease was assigned to it by Frontier, Inc. The building was then conveyed to appellee Mollie C. Ginsberg, subject to the mortgage and lease. On the failure of Mrs. Ginsberg to make the mortgage payments, City Federal Savings & Loan Association foreclosed the mortgage and conveyed the property to appellee Kansas City Title Insurance Company, and assigned the lease to it.

Alleging that Frontier, Inc. had not completed the building and that material defects existed in it, appellant sought to rescind the agreement between it and Fron-

tier, Inc., or in the alternative, asked for relief by way of an allowance or set-off against rent in an amount sufficient to compensate it for Frontier's failure to complete the building properly.

After a full hearing of the evidence taken ore tenus, the court made the following findings:

"Upon consideration of the evidence, the Court is of the opinion and finds that the lease between Frontier, Inc., and BBC Investment Company, Inc., dated March 4, 1963, is a valid and binding agreement and that BBC Investment Company, Inc., is not entitled to the cancellation of said lease; however, the Court is of the opinion that, under all of the evidence, BBC Investment Company, Inc., was justified in withholding rental payments and, therefore, that Mollie C. Ginsberg was not entitled to accelerate the rent and is not and was not entitled to any rent accruing after the payment made to and received by her for the month of October, 1963. The Court is further of the opinion and finds that Frontier, Inc., did not fully perform its obligations under the lease and the agreement of July 1, 1963 * * *. That said lease was validly assigned to City Federal Savings and Loan Association of Birmingham, Alabama, on April 27, 1963, as additional security under its mortgage of the same date from Frontier, Inc.; that Mollie C. Ginsberg paid the mortgage payments under said mortgage thereafter; that City Federal Savings and Loan Association of Birmingham foreclosed its mortgage and purchased the mortgaged property at the foreclosure sale; that the said City Federal Savings and Loan Association subsequently sold the property to Kansas City Title Insurance Company and assigned the said lease to Kansas City Title Insurance Company; that prior to the foreclosure of said mortgage by City Federal Savings and Loan Association, Frontier, Inc., transferred title to said property to Mollie C. Ginsberg, subject to the mortgage to City Federal Savings and Loan Association; that Kansas City Title Insurance Company is now the owner of the property and is the assignee of the original lease from Frontier, Inc., to BBC Investment Company, Inc., subject to the right of redemption of Mollie C. Ginsberg; that as the owner of the property and the assignee of said lease Kansas City Title Insurance Company is entitled to all of the rights under said mortgage and under said lease and is obligated to perform certain obligations originally to be performed by Frontier, Inc., but which were either not performed or were performed in such manner as to require correction; that Kansas City Title Insurance Company is entitled to all rents under the lease beginning November 1, 1963, and continuing for the remainder of the lease period.

"The Court is further of the opinion and finds, however, that the following obligations under the lease were not performed by Frontier, Inc., or were improperly performed and must be done or corrected by the present owner, Kansas City Title Insurance Company:

"1. Replacement of roof.

"2. Waterproofing the exterior, concrete block walls, on the rear and on the north end of the building.

"3. Caulking around all heating and cooling units in the rear wall.

"4. Painting the interior walls of fifteen rental units.

"5. Installing adequate drainage of the parking area and front of the building.

"6. Repairing one bathroom ceiling damaged by plumbing leaks.

"7. Replacing carpet damaged by leaks.

"8. Replacing 27 thresholds at exterior doors.

"The Court has considered extensive evidence as to the cost of all of the repairs and replacements which it feels should be made by Kansas City Title Insurance Company under the terms of the lease and has considered all of the estimates and bids submitted by recognized and reliable business concerns. To complete the foregoing work and requirements of the Court, the following are approved:

"a. Remove present gravel roof from entire building and re-roof with two layers of 15-pound asphalt felt and one layer of 65-pound smooth surface capsheet all mopped on with hot asphalt. Coat over 65-pound capsheet with rubberoid roof coating. Use same metal coping that is on building at present time, solder all seams, install pitch pans around all vent pipes. All to be done by White Roofing Company in accordance with its written proposal dated March 23, 1965, for the sum of $1,585.00.

"b. Waterproofing rear wall and north end of wall for $669.45; caulk around the air conditioning units in the rear wall for $138.00; caulk around the toilet vents exposed on the rear wall for $19.50; install 27 thresholds on exterior doors for $373.95; repair bathroom ceiling in Room 309 for $108.90; paint rear walls of fifteen rooms for $393.75, or a total of $1,703.55. All of said work to be done by Montgomery Tin Shop in accordance with their bid dated March 25, 1965.

"c. Install adequate storm drainage for the parking area according to plans of Montgomery Engineering Company, Inc., dated April 12, 1965. This work is to be done by Hailey and Bumpass in accordance with their written bid dated April 14, 1965, for the sum of $2,434.50.

"The Court is of the opinion that the carpeting originally installed is of an inferior grade and should not be replaced with carpeting of the same quality. It is in the best interest of all parties that the entire carpeting be replaced with a better quality and more serviceable carpet, and under the testimony, the Court finds that an allowance should be made in cash for damaged carpeting and that this allowance be applied toward the purchase of new carpeting. The Court is of the opinion that an allowance of $1,500.00 should be made for damage to carpeting caused by leaks from the roof and seepage through the rear walls. This allowance is to be made in cash by payment directly to the concern that supplies and installs the new carpet. All arrangements for carpeting shall be made by BBC Investment Company subject to approval of counsel for Kansas City Title Insurance Company.

"The Court is further of the opinion and finds that BBC Investment Company owes rent for the month of November, 1963, in the amount of $1,291.66 from which it is authorized to deduct $191.60 paid by it to Frank and Son, Inc., for chairs and $242.01 payable to Belmont Jobbing and Supply Company of Chicago for chairs, so that the net rent due for November, 1963, is $858.05, and that it owes rent in the amount of $1,291.66 for each month beginning with December, 1963, and continuing through April, 1965, which rent should be paid into the Register of the Court forthwith, and upon such payment, the principal and surety under bond guaranteeing the payment of rent shall be discharged.

"The work herein required by the Court to be done by Kansas City Title Insurance Company and to be paid for by the Register out of the rents is $7,223.05. The Register shall hold an additional $1,000.00 for such other work as may be required by the Court. The Register is authorized to disburse the money held by him in payment of the work required by this decree and for such other labor and materials as may be subsequently ordered by the Court, but in the event no addi-

tional work is required by the Court by September 1, 1965, the additional sum of $1,000.00 being held by the Register, shall be paid at that time to Kansas City Title Insurance Company. All rent received by the Register from BBC Investment Company, Inc., with the exception of the amount required to pay for repairs and services ordered by the Court and the additional sum to be held by the Register until September 1, 1965, shall be forthwith paid to Kansas City Title Insurance Company. * * *"

From the foregoing decree BBC Investment Company, the complainant below, has appealed alleging error on the part of the court in its final decree in denying appellant the right to rescind its conditional acceptance of the leased premises. In other words, it is the appellant's contention that inasmuch as the court has found certain defects in the building to exist, then it erred in failing to allow the complainant (appellant) to rescind the lease. Appellant complains then, not that it did not get relief in the court below but that it did not get the kind of relief sought, i. e. the rescission of the lease or conditional acceptance agreement. The bill of complaint contained a general prayer for relief.

We are not in agreement with appellant that the decree must be reversed for failure to award the specific relief sought in the special prayer. A court of equity has the power under due pleading to consider the evidence and to mold its decree so that justice will be done in the premises between the parties touching the common subject matter. First National Bank of Opp v. Wise, 238 Ala. 686(6), 193 So. 131. Or stated differently, it is of the nature of equity proceedings that the court may mold its decrees so as to adjust the equities of all parties—Blair v. Morris, 212 Ala. 91(5), 101 So. 745—and will not, in the name of equity, grant relief which is inequitable and unwise. First National Bank of Birmingham v. Basham, 238 Ala. 500, 191 So. 873, 125 A.L.R. 656. The courts of equity under a

prayer for general relief have power to mold their decrees to meet the equities developed at the trial. Winslett v. Rice, 272 Ala. 25(7), 128 So.2d 94; State v. Woodham, 276 Ala. 662, 166 So.2d 391. To enumerate all of the cases in which these propositions have been either directly advanced or tacitly assumed would be tedious and unnecessary in this case. Here the court has admirably discharged its responsibilities and has recognized that to allow the complainant to rescind its acceptance of the premises and cancel the lease would work an undue hardship on the now owner of the premises. This motel annex cannot be reached except by crossing over the complainant's property. The respondent Kansas City Title Insurance Company if the lease were cancelled would have on its hands a part of a motel. Surely the court was justified in balancing the equities between these parties and has done so. It has ordered the complainant to pay the rent due under this lease into the court and has ordered the respondent to put these premises in first class condition. When the work ordered to be done under the decree is finished, the complainant will have all that it would have had, had the original agreement been performed as agreed.

While we are in agreement with the conclusion reached by the trial court as set out, we find ourselves in agreement with the appellant in its contention that the court erred in its decree in not allowing to appellant a credit against rent due under the lease agreement of an amount equal to 30 days rent as provided by paragraph 23 of the lease agreement (by this provision the appellant was entitled to an abatement in the rent in an amount equal to $\frac{1}{15}$ of one month's rent for each day's delay). It is not disputed that the agreement provided that the building would be completed and ready for occupancy on June 15, 1963. It is further not disputed that the premises were not completed until July 1, 1963. The agreement expressly provided that the tenant was entitled to a credit for the delay which under the undisputed facts in this

case would mean that appellant is entitled to a credit of $1,270.50, as computed on a day basis pursuant to the terms of the lease agreement.

The trial court concluded, and we agree, that the lease agreement is still operative and that appellant is not entitled to a rescission. We simply modify that decree to include the allowance of the credit to which appellant is entitled under the express terms of the lease.

The decree appealed from is modified as indicated and otherwise affirmed.

Modified and affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.

On Rehearing

SIMPSON, Justice.

This has been a difficult case. It was well tried and carefully considered by the learned trial judge, but the appellant vigorously insists that the decree and the opinion of this court fail to supply complete relief in that no allowance has been made for a diminution of rent for the period during which the premises were incomplete and defective.

The trial court found and we concurred that the appellant had not received what the contract called for and that the premises were delivered late and in a defective condition. The trial court ordered appellees to remedy the defects.

Some evidence was offered below on the question of loss of income in the motel operation during the period involved, but the trial court made no specific finding on this point. Other evidence was offered by the appellees tending to show that the reduction of income could have been the result of increased competition in the area, etc.

We have carefully considered this matter and have restudied the record, and

having done so, have arrived at the conclusion that inasmuch as the trial court made no finding on this specific issue in the final decree rendered, that the case should be remanded for the purpose of determining what, if any, loss of income resulted to the appellant because of the appellees' failure to comply with the construction contract, and what, if any, reduction in rent should be made in appellant's favor as a consequence. In all other respects the final decree is affirmed save those matters noted in the original opinion in this case.

Opinion extended and application for rehearing granted to the extent indicated.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.