This is the second time this case has been here.[1] Plaintiff George D. Coupounas appeals from the judgment entered after remand from this court, which imposed a constructive trust on the net profits of Med-Lab, Inc., an Alabama corporation, in favor of Bio-Lab, Inc., an Alabama corporation, and from a denial of his rule 59 (e), ARCP, motion to amend that judgment. We affirm.
The principal issues are: (1) whether the trial court erred to reversal by imposing a constructive trust for the benefit of Bio-Lab over the net income and profits of Med-Lab, the payment of such profits or income to be secured by the trial court's maintenance of jurisdiction over the cause to impose a constructive trust on Med-Lab's assets if necessary, instead of imposing a constructive trust for the benefit of Bio-Lab over the entire business and assets of Med-Lab, and; *Page 802 
(2) whether Coupounas' Rule 59 (e), ARCP, motion should have been granted and the final decree on remand amended to provide the trial court would maintain its continuing equitable jurisdiction over the cause for the purpose of considering an award of attorneys' fees in favor of Coupounas based upon the alleged benefit conferred upon Bio-Lab by the institution and maintenance of this stockholder's derivative action by Coupounas.
This action was commenced when Coupounas filed a stockholder's derivative action on behalf of himself and for the benefit of Bio-Lab. Med-Lab; Bio-Lab; Joseph F. Morad, a stockholder director and president of Bio-Lab; Joseph A. Thomason, a stockholder and director of Bio-Lab; and Pamela T. Morad, a director of Bio-Lab, are all defendants in this action. Coupounas alleged that the individual defendants breached their fiduciary duty to Bio-Lab by usurping a valuable corporate opportunity of Bio-Lab when they formed another corporation, Med-Lab, which competes with and damages Bio-Lab. Coupounas sought a constructive trust in favor of Bio-Lab to be imposed over the business and assets of Med-Lab, or, in the alternative, the defendants be required to offer Coupounas the same percentage ownership in Med-Lab as he owns in Bio-Lab.
The trial court found the individual defendants had usurped a valuable corporate opportunity belonging to Bio-Lab by their formation and operation of Med-Lab. As a result, in its original final decree, the trial court ordered the individual defendants to offer to Coupounas thirty percent of the stock of Med-Lab at the identical prices per share which they had paid for their stock in it. On the prior appeal of this case, this court affirmed the trial court's finding that the individual defendants had usurped Bio-Lab's corporate opportunity; however, this court also held the trial court's remedy of requiring the defendants to offer one-third of Med-Lab to Coupounas to be improper. See Morad v. Coupounas, supra. The judgment was reversed and the case remanded for the trial court to impose a constructive trust in favor of Bio-Lab.
On remand the trial court conducted a hearing and entered a new final decree which imposed a constructive trust on Med-Lab. That decree reads in pertinent part as follows:
 "It is manifest from a reading of the Supreme Court opinion that this court erred in ordering that Plaintiff be made a shareholder of Med-Lab. The Supreme Court stated that this order was not justified, and that courts `should not force individuals into business arrangements they clearly do not want.'
 "Instead, the Court ordered that a constructive trust be imposed for the benefit of Bio-Lab. However, since the parties have been unable to agree on a Consent Order to be entered on the remand, it is necessary for this Court to delineate the constructive trust imposed by the Supreme Court.
 "The position advanced on behalf of Plaintiff is that Med-Lab's assets, business, property and stock should be transferred to Bio-Lab. The position of Defendant is that the constructive trust should be imposed on the net profits or income[1] of Med-Lab, with the Court maintaining equitable jurisdiction of the cause to insure that the constructive trust is complied with. *Page 803 
 "The court finds, and so holds, that Plaintiff is not entitled to demand that Med-Lab's assets, business, property, and stock be turned over to Bio-Lab. For the court to so order would be for it to do indirectly what the Supreme Court has ordered should not be done; that is, since Plaintiff is a thirty percent (30%) shareholder in Bio-Lab, if all the Med-Lab assets, business, property, and stock were transferred to Bio-Lab, Plaintiff would, in effect, own thirty percent (30%) of Med-Lab. The parties would be doing business together, and this result is exactly the contrary of what the Supreme Court has ordered. In addition, the constructive trust is imposed for the benefit of Bio-Lab — not George D. Coupounas. George D. Coupounas has proved no right or standing to demand any transfer of the Med-Lab assets, property, business, or stock.
 "Accordingly, it is hereby ORDERED, ADJUDGED and DECREED that a Constructive Trust is imposed on Med-Lab for the benefit of Bio-Lab as follows:
 "ONE: The net profits or income of Med-Lab, Inc., are payable over to Bio-Lab, Inc., upon its demand.
 "TWO: To insure the protection of Bio-Lab, Inc., and Plaintiff, Plaintiff shall have the right regularly to inspect the books and records of Med-Lab, Inc., to insure that all net profits or income are properly declared and paid over upon demand.
 "THREE: A constructive trust is not imposed at this time on the assets, business, property, or stock of Med-Lab, Inc., for two reasons: (1) because such an imposition is not necessary to secure the net profits or income of Med-Lab; and (2) because there has been no demand by Bio-Lab, Inc., for such imposition, or any transfer, nor has it made any tender of the amount of their capital contribution to the Med-Lab stockholders.
 "FOUR: However, the Court will maintain its continuing equitable jurisdiction over this cause to insure that the net profits or income of Med-Lab, Inc., properly inure to Bio-Lab's benefit, and will impose a constructive trust on the assets, business, property, and stock of Med-Lab, Inc., or will order stock transfer to Bio-Lab, Inc., only if such becomes necessary at some point in the future to secure the net profits or income."
[1] "`Net profits or income' as used herein is defined as the proceeds arising in Med-Lab, Inc., through its ordinary business operations, less ordinary and necessary business expenses. Reasonable corporate salaries of the Med-Lab officers, for example, are deducted in arriving at net profits or income. A. Scott, The Law of Trusts, Vol. I, Sec. 170.22 at 1377-79 (1967). Also, for example, neither the normal accretion in value of the Med-Lab business, nor the value of its property and assets, are included. See 76 Am.Jur.2d Trusts, Sec. 231. In addition, the discussion and opinion of the Supreme Court inMcKinstry [v. Thomas, 258 Ala. 690, 64 So.2d 808 (1953)] indicate that Alabama follows the general rule that the constructive trust applies to the ordinary net profits or income of the business, although the business itself may serve as security." (This footnote appeared as footnote one in the "Final Decree on Remand.")
Subsequent to entry of the new decree, Coupounas filed a Rule 59 (e), ARCP, motion requesting the trial court to amend that decree to provide that the trial court would maintain continuing jurisdiction over the cause for the purpose of considering an award to the plaintiff of attorneys' fees. The trial court denied the motion and this appeal followed.
Coupounas contends the trial court erred to reversal on remand by refusing to impose a constructive trust for the benefit of Bio-Lab over the entire business and assets of Med-Lab. We cannot agree.
A constructive trust is a creature of equity that operates to prevent unjust enrichment; such a trust will be imposed when a property interest has either been acquired by fraud or where, in the absence of fraud, it would be inequitable to allow the property interest to be retained by the person who holds it.Brothers v. Moore, 349 So.2d 1107 (Ala. 1977); Sims v. Reinert,285 Ala. 658, 235 So.2d 802 (1970); Putnam v. Putnam, 274 Ala. 472, 150 So.2d 209 (1963). It is also clearly inherent in the very nature of equity proceedings that the trial court is authorized to mold its decree so as to adjust the equities of all parties and to meet the obvious necessities of each situation. BBC Investment Co. v. Ginsberg, 280 Ala. 148,190 So.2d 702 (1966); Bouldin v. City of Homewood, 277 Ala. 665,174 So.2d 306 (1965) (on rehearing).
In this case we find no error resulting from the method employed by the trial court in molding its decree. The evidence discloses that Bio-Lab's funds were not used in setting up or operating Med-Lab; the trial court retained jurisdiction over the *Page 804 
case to insure that Med-Lab did not circumvent the relief ordered by it; and Coupounas was given the right to inspect Med-Lab's books to insure Med-Lab was obeying the trial court's decree. We find the relief adequate under the facts of this case.
We must next address the issue of whether the trial court erred to reversal by denying Coupounas' Rule 59 (e), ARCP, motion. We find it did not; however, we hold that Coupounas has the right to petition the trial court for an award of attorneys' fees.
It is an established rule of law that a minority stockholder is entitled to be awarded a reasonable attorney's fee by the corporation in which he has an interest when a benefit has been conferred upon that corporation by the stockholder's derivative action. See, e.g., Miles v. Bank of Heflin, 349 So.2d 1072
(Ala. 1977); Decatur Mineral Land Co. v. Palm, 113 Ala. 531,21 So. 315 (1896). We do not agree, however, the trial court erred in denying Coupounas' motion to amend or alter the judgment in that regard. The issue of attorneys' fees had not been tried or put at issue in the prior proceedings before the trial court. However, because the trial court did retain jurisdiction over the action, Coupounas is free to petition it for such an award, and the trial court may award Coupounas a reasonable attorney's fee for benefits conferred upon Bio-Lab as a result of his action.
For the reasons enumerated, the judgment is hereby affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, JONES, ALMON and EMBRY, JJ., concur.
[1] For a more detailed statement of facts concerning this case see Morad v. Coupounas, 361 So.2d 6 (Ala. 1978).