Defendant-appellant Vivian R. Tyler began working for the plaintiff-appellee, Eufaula Tribune Publishing Company, Inc. (hereinafter the Tribune Company), on November 14, 1979. Mrs. Tyler's duties included bookkeeping, advertising, and photography. *Page 1006 
The Tribune Company printed two papers for circulation in and around Eufaula, Alabama: the Eufaula Tribune, a newspaper, and the River Rambler, a shoppers' guide.
On January 11, 1984, Mrs. Tyler executed an employment contract with the Tribune Company whereby she promised not to engage in the same business as her employer, or one similar to it, within 50 miles of Eufaula for a period of two years following the termination of her employment.
Mrs. Tyler quit working for the Tribune Company in April 1984. On May 9, 1984, Mrs. Tyler; her husband, Paul Tyler; her children, Diane Tyler and Paula Tyler Belcher; and Jerry Merritt began publishing a shoppers' guide in Hurtsboro, Alabama, called the Penny Pincher. Hurtsboro is less than fifty miles from Eufaula.
On September 14, 1984, the Tribune Company filed suit against Mr. and Mrs. Tyler, the Tylers' two children, and Merritt, alleging that Mrs. Tyler had breached the non-competition provision of her employment contract with the Tribune Company. The Tribune Company demanded that the trial court enjoin all defendants from continuing the publication of the Penny Pincher
for the duration of the two-year period provided for in the employment contract. The Tribune Company also requested a preliminary injunction, to enjoin the defendants from publishing the Penny Pincher during the pendency of the suit, but later withdrew its request for this relief.
The case was tried on June 4, 1985, and several months later the trial court entered judgment for the Tribune Company, enjoining all defendants from
 directly or indirectly participating in publication of The Penny Pincher or any same or similar line of business as that carried on by the plaintiff during the time that Jerry Merritt and Vivian R. Tyler were employed by the plaintiff, and that such injunction shall prohibit such activities within a fifty-mile radius of Eufaula, Alabama, and for a period of two years from the date of termination of their respective contracts, said two-year period to be figured from the date of termination of said contracts without counting the time elapsed from May 9, 1984, to the date of this order [August 14, 1985].
Defendant Jerry Merritt was also a former employee of the Tribune Company and was subject to a non-competition clause in his employment contract. The trial court granted the plaintiff's requested injunctive relief against Merritt when he did not defend against the Tribune Company's action. Merritt did not appeal.
All four of the Tyler family defendants appeal from the trial court's judgment and raise the following issues:
 1. Did the trial court err by determining that the non-competition provision of the employment contract was reasonable and enforceable?
 2. Did the trial court err by enjoining non-parties to the employment contract from engaging in the publication of the competing newspaper?
 3. Did the trial court err by excluding the period of time from May 9, 1984, to August 14, 1985, from the calculation of the two-year non-competition period set out in the employment contract?
 I.
In James S. Kemper Co. v. Cox Associates, 434 So.2d 1380
(Ala. 1983), this Court discussed the enforceability of contracts restraining employment. The Kemper Court said:
 It is clear, as defendants contend, that § 8-1-1, Code 1975, expresses the public policy of Alabama that contracts restraining employment are disfavored. DeVoe v. Cheatham, 413 So.2d 1141
(Ala. 1982). This is so "because they tend not only to deprive the public of efficient service, but tend to impoverish the individual." Robinson v. Computer Servi-centers, Inc., 346 So.2d 940, 943
(Ala. 1977). Nevertheless, the courts will enforce the terms of a covenant not to compete if: *Page 1007 
1. the employer has a protectable interest;
 2. the restriction is reasonably related to that interest;
 3. the restriction is reasonable in time and place;
 4. the restriction imposes no undue hardship on the employee.
DeVoe v. Cheatham, 413 So.2d at 1142.
 "In order to have a protectable interest the employer must possess 'a substantial right in its business sufficiently unique to warrant the type of protection contemplated by [a] noncompetition agreement.' " Id. at 1142, citing Cullman Broadcasting Co. v. Bosley, 373 So.2d 830, 836
(Ala. 1979). In the case of a "post-employment restraint," as in the present case, justification, according to the Restatement (Second) of Contracts
§ 188, Comment B (1979), generally must be "on the ground that the employer has a legitimate interest in restraining the employee from appropriating valuable trade information and customer relationships to which he has had access in the course of his employment." Similarly, we have said that "if an employee is in a position to gain confidential information, access to secret lists, or to develop a close relationship with clients, the employer may have a protectable interest." DeVoe v. Cheatham, 413 So.2d at 1143.
434 So.2d at 1384.
In the instant case, Mrs. Tyler had access to the circulation lists and advertising accounts of the Tribune Company. Through her employment with the Tribune Company, Mrs. Tyler was privy to information that could be crucial in establishing an advertisement newspaper, such as lists of potential subscribers, and the names of potential advertisers. We are of the opinion that such information is a protectable interest.
We are also of the opinion that the two-year noncompetition period and the fifty-mile geographic limitation are reasonable under the circumstances of this case. See James S. Kemper Co.v. Cox Associates, supra, at 1384-85.
The trial court did not err by finding that the employment contract was valid and enforceable, and that the noncompetition provision was reasonable.
 II.
Paul Tyler, Diane Tyler, and Paula Tyler Belcher argue that the trial court erred by enjoining them from "directly or indirectly participating in publication of the Penny Pincher or any same or similar line of business as that carried on by the plaintiff," because they were not parties to Mrs. Tyler's employment contract.
In Daughtry v. Capital Gas Co., 285 Ala. 89, 94,229 So.2d 480, 485 (1970), the Court made the following observation regarding this issue:
 "The majority, and the better considered, of the cases, support the proposition that one who is in no sense a party to a covenant not to engage in a competing business cannot properly be enjoined from engaging in such business.
 "A stranger to the covenant may, however, properly be enjoined from aiding the covenantor in violating his covenant or receiving any benefit therefrom. So, a stranger to the covenant may well be enjoined from, in conjunction with the covenantor, or with his assistance, conducting a business in competition with the covenantee. * * *" [Quoting 94 A.L.R. 345 (1935).]
With respect to a similar issue, our court has said:
 "A person who has not executed or signed the contract or covenant is not bound by the stipulation against engaging in business, and he may not be enjoined from competing with the covenantee. He may, however, be restrained from engaging in the business in partnership with, or as an employee of, the covenanter or seller. * * *" Yost v. Patrick, 245 Ala. 275, 280, 17 So.2d 240, 244. *Page 1008 
To the extent that the trial court in the instant case enjoined Paul and Diane Tyler, and Paula Tyler Belcher from engaging in the business in partnership with, or as an employee of, Mrs. Tyler, its judgment is affirmed. The record evidences that Mrs. Tyler's husband and children had no experience in, or knowledge of, the publication of an advertisement newspaper, and the trial court was reasonable in concluding that the expertise required for the undertaking was provided exclusively by Mrs. Tyler or Jerry Merritt, both of whom were bound by their employment contracts with the Tribune Company. The court justifiably found that Mrs. Tyler's family was conducting a business in competition with the Tribune Company with the assistance and guidance of Mrs. Tyler and Merritt.
Under the facts in this case, we hold that the trial court did not err by extending the noncompetition provision of Mrs. Tyler's employment contract to her immediate family so as to subject the family members to the injunction.
 III.
Appellants' final contention is that the trial court erred by excluding the time elapsed between May 9, 1984, and August 14, 1985, from the two-year injunction period, which they say was to begin on the termination date of Mrs. Tyler's employment. Appellants argue that the trial court has, in effect, without authority, rewritten the terms of the employment contract by extending the operation of the noncompetition provision by about fifteen months. We disagree.
The trial court has considerable power "to mould relief to meet the equities developed in the trial" in response to a request for general equitable relief. Winslett v. Rice,272 Ala. 25, 128 So.2d 94 (1961). In fact, Rule 54(c), Ala.R.Civ.P., provides:
 Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings.
We are of the opinion that the relief granted by the trial court was appropriate under the facts of this case. The record reveals that appellants began publishing their competing newspaper in early May 1984 and continued publication throughout the course of this legal proceeding. The trial court's extension of time to account for appellants' period of competition with the Tribune Company was not beyond the scope of its power to fashion an equitable remedy in response to the request for relief.
The trial court's judgment is affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.