A default judgment was entered against the appellant in small claims court for failure to appear. Appeal to the circuit court was dismissed for lack of timeliness, and this appeal followed.
A small claims suit was filed against the defendant-appellant in district court on April 29, 1986. The defendant's answer was filed on May 12. A default judgment for defendant's failure to appear was entered on June 27. The defendant was not notified of the judgment until July 21. The defendant filed its notice of appeal to circuit court on July 28. The plaintiff moved to dismiss the appeal for lack of timeliness on August 15. That motion was granted by the circuit court and the appeal dismissed on September 3. Defendant filed notice of appeal to this court on September 15.
Section 12-12-70, Code of Alabama 1975, provides that appeals from district to circuit court must be taken within fourteen days from the date of judgment. The defendant contends that its right to due process was violated when its appeal to circuit court was dismissed, since it did not receive notice of the default judgment until after the appeal period had elapsed. The defendant also contends that it was not notified of trial, although the record indicates otherwise. Defendant further contends that its appeal to circuit court was filed on July 22, rather than July 28 as the record shows.
Rule 77(d), A.R.Civ.P., reads in pertinent part:
 "Immediately upon the entry of an order or judgment the clerk shall serve a *Page 737 
notice of the entry by mail in the manner provided for in Rule 5 upon each party who is not in default for failure to appear, and who was not present in person or by his attorney or not otherwise notified, when such order or judgment was rendered, and make a note on the docket of the mailing. . . . Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except that upon a showing of excusable neglect based on a failure of the party to learn of the entry of the judgment or order the circuit court in any action may extend the time for appeal not exceeding 30 days from the expiration of the original time now provided for appeals in civil actions." (Emphasis ours.)
Thus, generally, unless there is excusable neglect by a defendant in not learning of the default judgment, an appeal to the circuit court may be dismissed for lack of timeliness. The rule puts no duty upon the clerk to serve notice of judgment to a party in default for failure to appear, Regarding the alleged lack of notice of the trial date itself, all parties, once in court, whether by filing an answer or other pleading, must keep track of their case, know their status, and ascertain for themselves when it will be tried. State v. Woodham, 276 Ala. 662, 166 So.2d 391 (1964). The defendant was in court, having timely filed both an answer and a counterclaim.
The record is silent as to any request by the defendant to the circuit court to extend the fourteen-day appeal period by any showing of excusable neglect on the part of the defendant; therefore, the trial court was not called upon to make such a determination.
The rules of procedure which govern the operation of the trial courts thereby leading to the orderly transaction of its business are no more forgiving to a pro se litigant than to one represented by counsel.
This case is affirmed.
AFFIRMED.
BRADLEY, P.J., and HOLMES, J., concur.