Hodge was a pro se litigant at the time his case was dismissed. It is an established principle that "the operation of the courts of this state is governed by rules which are no more forgiving of a pro se litigant than of one represented by counsel." Black v. Allen, 587 So.2d 349 (Ala.Civ.App. 1991). This court has held that all parties, even when acting pro se, are charged with the responsibility of keeping track of the status of their case. Bowman v. Pat's Auto Parts, 504 So.2d 736
(Ala.Civ.App. 1987).
In this case, however, the judge granted a motion for leave to withdraw filed by Hodge's attorney four days before the date on which the "motion to set and certificate of readiness" were due to be filed. In addition, the court sent notice to R R's counsel that the case had been marked for dismissal and was set for the disposition docket, but apparently failed to send notice to Hodge, mistakenly sending the notice to his former counsel instead. Because I believe Hodge may have been prejudiced by these actions on the part of the court, I concur in the majority's determination that the trial court's denial of Hodge's motion to set aside the dismissal should be reversed.